**Nelson B. GUYER, Appellant,**

v.

**Ted ROSE, Appellee.**

**No. 20430.**

Court of Civil Appeals of Texas, Dallas.

June 5, 1980.

Michael E. Robinson, Dallas, for appellant.

Ronald G. McDearman, McDearman, Lair & Sands, Dallas, for appellee.

Before GUITTARD C. J., and CARVER and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Ted Rose, the purchaser in a contract for sale of a residence, sued Nelson Guyer, the seller, for specific performance and obtained a temporary injunction restraining Guyer from prosecuting a forcible detainer suit pending trial of the suit for specific performance. Guyer appeals on the ground that the district court had no jurisdiction to restrain the forcible detainer suit because

no question of title was raised in that suit. We hold that the purchaser's right to possession of the property depended not on his compliance with the terms of a lease, but on his compliance with the terms of a sale and this was a question concerning the title to the property, which could not be finally decided in the justice court. Consequently, we hold that the district court properly restrained the seller from prosecuting the forcible detainer suit.

Our decision turns on what contract rights are claimed in this litigation. The contract of sale provides for a total price of $150,000, of which $2,000 is deposited in escrow leaving a balance due of $148,000. The contract further provides that if either the seller or the purchaser should fail to close within ninety days of the date of the contract, the earnest money is to be forfeited and should then be deemed rent. On failure of the seller to perform, the purchaser is authorized either to demand back the earnest money or enforce specific performance. With respect to possession of the premises, the contract provides:

Concurrently with the execution of this contract Seller leases premises to Buyers effective April 1, 1979, and continuing until date of closing or the termination of this contract. The monthly rental shall be $700.00. All rental payments made shall be credited against the purchase price.

In accordance with this provision, the Seller went into possession and made payments of $700 each month. On April 2, 1979, the parties signed an addendum to the contract containing the following:

1. The date of closing of said contract shall be on or before July 15, 1979.

2. The $2,000 earnest money currently being held in escrow by Stewart Title Company shall be forthwith released to Seller.

3. The Buyers shall concurrent with the execution of this Contract Addendum pay to Seller the sum of $2,750.00.

4. The Seller shall lease the premises to the Buyers for a period of three months effective April 15, 1979, on the terms and conditions set forth in a certain Lease Agreement, a copy of which is attached hereto.

5. Upon the closing of this contract, all payments made to the Seller hereunder i. e., the initial escrow deposit of $1,500.00; the additional payment of $2,750.00; and all rentals paid during the rental period and prior to closing shall be credited against the purchase price. In the event that the contract does not close as a result of Buyers' default, Seller may retain all such sums as liquidated damages.

No copy of the lease referred to is shown in our present record. The transaction was not closed on July 15, but the purchaser paid an additional $35,000 on the purchase price, and the parties made an agreement extending the time of closing to November 16, 1979, and giving the purchaser the privilege either of obtaining a loan for the balance or securing the balance by a deed of trust in favor of the seller. The purchaser continued to make monthly payments until November 16, when the sale failed to close because of a disagreement between the parties. The purchaser remained in possession, but made no further payments. The seller filed suit in the justice court and obtained a judgment for possession, which the purchaser appealed to the county court at law.

The purchaser filed the present suit in the district court for specific performance of the contract and sought an injunction restraining prosecution of the forcible detainer suit pending final adjudication of the controversy. The petition alleges that on November 16, 1979, he was ready to close the sale and tendered an executed note and deed of trust in accordance with the contract, but that the seller refused to sign a deed. The petition further alleges that the question of right to possession in the forcible detainer suit depends on a question of title, of which the county court has no jurisdiction.

The seller alleges in his answer that he was ready to close on November 16, 1979, and had offered to sign the deed, but that

the purchaser failed to sign the deed of trust as agreed. He appeals from the order granting the temporary injunction, contending that since the purchaser went into possession as a tenant, his right to possession depended on his compliance with the terms of the lease contained in the sale contract, and that on his failure to comply with the lease, the seller was entitled to resume possession without prejudice to any rights the purchaser may have to specific performance of the sale contract. Consequently, the seller says, the right of immediate possession was the only issue in the forcible detainer suit, an issue within jurisdiction of the county court on appeal from the judgment of the justice court. The seller argues further that no question of title is involved because his title is admitted and the purchaser has no title, legal or equitable, but, at most, only an equitable right of specific performance, which does not support his claim for an injunction restraining prosecution of the forcible detainer suit.

The purchaser argues that the contract is not a lease, but a contract of sale, and that the "rent" payments of $700 per month must be considered advance payments of the purchase price, so that he had the right to possession on compliance with the terms of the sale without continuing the monthly payments provided. This question of compliance, the purchaser insists, is a question of ultimate right to title, rather than the right of immediate possession, which could not be finally determined in the forcible detainer action.

■ We conclude that the purchaser's contention is correct. He declined to make any more monthly payments after November 16, relying on his right to possession as purchaser rather than as tenant. Thus he claims no further right to continued possession as a tenant. Whether he had the right to possession as purchaser after the agreed closing date of November 16 must be determined by whether he complied with the provisions of the contract of sale. That is the ultimate question to be determined in his suit for specific performance in the dis-

trict court, and only there could it be properly determined. Consequently, the district court had discretion to grant a temporary injunction maintaining the status quo and restraining prosecution of the forcible detainer suit pending final determination of the parties' rights under the contract. *Pendleton v. Crabtree*, 214 S.W.2d 675 (Tex.Civ. App.—Amarillo 1948, no writ).

■ We do not agree with the seller's contention that the purchaser was not entitled to possession as purchaser until the sale was closed and title passed. If, as alleged, the purchaser had complied with the contract by signing and tendering the note and deed of trust required on the date set for the closing, he had as good a right of possession as if he had then tendered the balance of the contract price in cash. That right could not be defeated by the seller's failure to perform his obligations under the contract. *Sanderson v. Sanderson*, 130 Tex. 264, 109 S.W.2d 744, 749 (1937). These facts distinguish the present case from *Haith v. Drake*, 596 S.W.2d 194 (Tex.Civ. App.—Houston [1st Dist.] 1980, no writ). In that case the court observed that the purchaser had only an equitable right rather than an equitable title because he had *not* complied with the contract, which required payment of the entire purchase price before he would be entitled to a conveyance of the property.

Affirmed.