In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-452 CV


____________________



MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant



V.



LORIE H. KNIGHT, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 04-18,044






 MEMORANDUM OPINION 


 This appeal arises from a forcible detainer action initiated in justice court by a lender. 
The justice court determined that the lender, who had foreclosed on real property pursuant
to a deed of trust, was entitled to possession of the property. The borrower appealed to
county court, which found that the borrower was entitled to possession. The lender brings
this appeal. We reverse and render judgment in favor of the lender.


Background


 The events pertinent to this appeal began with Lorie H. Knight's purchase of real
property in Montgomery County, Texas. Knight purchased the property with the proceeds
of a loan from Mortgage Electronic Registration Systems, Inc. ("MERS"), and she secured
her loan with a deed of trust. Knight defaulted on the loan and MERS foreclosed as allowed
by the deed of trust. After purchasing the property at the substitute trustee's sale, MERS sent
Knight written notice to vacate the premises, but Knight failed to do so. 

 Subsequently, MERS sued Knight and all occupants, seeking possession of the
premises. The justice court entered a default judgment against Knight and "all occupants"
and awarded possession of the premises to MERS. Knight appealed the judgment to the
county court at law and it awarded possession of the premises to her. (1) 

 On appeal from the judgment in county court, MERS brings two issues. We begin
our review with the second issue as its resolution is determinative of this appeal. The second
issue attacks the legal and factual sufficiency of the evidence supporting the county court's
judgment in Knight's favor. As Knight did not file an appellate brief, we have no response
opposing issue two's arguments. 


Forcible Detainer 


 "A forcible detainer action is a special proceeding governed by particular statutes and
rules." Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.- Dallas 2001, no pet.). The
proceeding exists "to provide a speedy, simple, and inexpensive means for resolving the
question of the right to possession of premises." Id. The Texas Property Code allows 
forcible detainer actions against persons (often tenants) who refuse to surrender possession
of real property when demanded to do so by one entitled to possession. See Tex. Prop.
Code Ann. §§ 24.002, 24.0051, 24.0061 (Vernon 2000 & Supp. 2005). 

 Our procedural rules highlight the action's limited purpose; Rule 746 provides that
the "only issue" in a forcible detainer action is "the right to actual possession; and the merits
of the title shall not be adjudicated." Tex. R. Civ. P. 746. Thus, the sole question for the trial
court is who has the right to immediate possession of the property. See Villalon v. Bank
One, 176 S.W.3d 66, 70 (Tex. App.- Houston [1st Dist.] 2004, pet. denied); Ward v. Malone,
115 S.W.3d 267, 270 (Tex. App.- Corpus Christi 2003, pet. denied); Dormady v. Dinero
Land & Cattle Co., L.C., 61 S.W.3d 555, 557 (Tex. App.- San Antonio 2001, pet. dism'd
w.o.j.). 

 In a forcible detainer action, the law requires the plaintiff to introduce sufficient
evidence of ownership to show a superior right to immediate possession; the plaintiff,
however, does not have to prove that he holds title to the property. See Rice, 51 S.W.3d at
709. For example, a superior right to possession may occur in the context of a landlord-tenant relationship arising after a foreclosure sale under a deed of trust. See Villalon, 176
S.W.3d at 71. A deed of trust may establish a landlord-tenant relationship between the buyer
at foreclosure and the current possessor of the property, as it does here. See id. Though the
possessor may question the validity of a foreclosure sale and the quality of the buyer's title,
the court hearing a forcible detainer action retains the power to decide which of the parties
is entitled to the immediate right of possession. Id.

 An exception to the court's forcible detainer jurisdiction may occur, however, when
the title issue is "so intertwined" with the possession issue that "possession may not be
adjudicated without first determining title." Dormady, 61 S.W.3d at 557. Still, this
exception to the justice court's jurisdiction occurs "only when the justice or county court
must determine title issues. . . ." Rice, 51 S.W.3d at 713. (2)
 

 A forcible detainer action is not an exclusive remedy and is cumulative of other
remedies. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936); Villalon, 176 S.W.3d
at 70. A party who loses possession in a detainer action may sue in the district court to
decide who has legal title to the property. Scott, 90 S.W.2d at 818; Villalon, 176 S.W.3d at
70. Also, a party may bring a separate detainer action in justice court and prosecute it
concurrently with a suit to try title pending in district court. Villalon, 176 S.W.3d at 70-71. 

Standard of Review


 When reviewing the legal sufficiency of the evidence, we "view the evidence in the
light most favorable to the verdict, crediting favorable evidence if reasonable jurors could,
and disregarding contrary evidence unless reasonable jurors could not." City of Keller v.
Wilson, 168 S.W.3d 802, 807 (Tex. 2005). Legally insufficient evidence or "no evidence"
of a vital fact exists when (a) the record contains a complete absence of evidence of a vital
fact; (b) rules of law or rules of evidence bar the court from giving weight to the only
evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more
than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital
fact. See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). If
someone attacks the legal sufficiency of an adverse finding on an issue for which he has the
burden of proof, and if there is no evidence to support the finding, we review all the evidence
to decide whether the record shows that the party attacking the finding established the
contrary proposition as a matter of law. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241
(Tex. 2001).

 The county court did not issue any findings of fact or conclusions of law regarding
its determination that Knight was entitled to possess the property. Thus, we infer all
necessary facts to support the trial court's ruling if the evidence supports the inferred facts. 
BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002). However, if
"the appellate record includes the reporter's and clerk's records, these implied findings are
not conclusive and may be challenged for legal and factual sufficiency in the appropriate
appellate court." Id. 

 After admitting documentary evidence and hearing counsels' arguments, the county
court determined that Knight was entitled to possession. In support of her request for
possession, Knight offered only one document - a certified copy of a petition filed in
district court by many home-buyer plaintiffs, including Knight, against many mortgage-lender defendants. However, the named defendants did not include MERS. At the hearing,
Knight's attorney asserted that MERS was "being served now," but did not offer a copy of
the citation the court issued against MERS. 

 The county court admitted the certified plaintiffs' petition as proof that there was "a
lawsuit pending in District Court on the legality of the foreclosure." Knight's attorney
argued that entitlement to possession involves "title." During the trial, Knight's attorney
asked the court "to enforce the law which says that this Court has no subject matter []
jurisdiction pending the outcome of that other trial, and [] therefore to abate the proceeding
until that time." 

 After hearing arguments from both sides, the court stated that in similar cases, it
granted requests to abate cases pending resolution by the district court of the title question
and would do so here unless MERS "chooses that I find in favor of the Defendant." The
court informed MERS that it could either acquiesce in the court's abatement of the detainer
action, pending resolution of the district court case, or suffer an award by the court of
possession to Knight so that MERS could appeal. MERS asked for twenty-four hours to
decide. The record shows that the court ultimately awarded possession to Knight.

 While plaintiffs' allegations in the district court case included one of wrongful
foreclosure, (3) Knight's pending wrongful foreclosure suit does not deprive the county court
of jurisdiction. See Villalon, 176 S.W.3d at 71. To affect the county court's jurisdiction of
the detainer action under these circumstances, the district court lawsuit must involve a
question of title "so intertwined with the issue of possession" that the county court could not
determine possession without first determining title. Dormady, 61 S.W.3d at 557. MERS's forcible detainer action does not necessarily require a determination of title. 
Here, as in Villalon, a landlord-tenant relationship resulting from the foreclosure sale arose
between MERS and Knight. Because MERS and Knight had a landlord-tenant relationship, 
the county court had jurisdiction to decide whether MERS was entitled to "immediate
possession" without also determining whether MERS wrongfully foreclosed against Knight,
an issue directly related to property title. See id. Even if MERS prevailed on its forcible
detainer action, Knight retains the right to pursue a wrongful foreclosure action in district
court. See id. at 558. 

 We find that a reasonable fact-finder could not resolve the disputed issues of fact in
Knight's favor based solely on the certified copy of the plaintiffs' petition. The evidence
offered by Knight does not show that the court lacked jurisdiction in MERS's forcible
detainer action against Knight. Further, we have reviewed the clerk's and reporter's records

 and find no evidence that would support the award of possession to Knight. 

 Next, we review all of the evidence to decide whether MERS established the contrary
proposition - that it is entitled to possession - as a matter of law. See Francis, 46 S.W.3d
at 241. For MERS to prevail and obtain possession in its forcible detainer action against
Knight, the law requires MERS to show that: (1) the substitute trustee conveyed the property
by deed to MERS after the foreclosure sale; (2) the deed of trust signed by Knight established
a landlord-tenant relationship between MERS and Knight; (3) MERS gave proper notice to
Knight that it required her to vacate the premises; and (4) Knight refused to vacate the
premises. Tex. Prop. Code Ann. §§ 24.002(a)(2), 24.002(b), 24.005 (Vernon 2000); see
Villalon, 176 S.W.3d at 71; Dormady, 61 S.W.3d at 558. 

 As no witnesses testified for either party, the evidence supporting MERS's position
consists of the attorneys' stipulations and certain documents that the court admitted into
evidence as well. The stipulation of Knight's attorney provided evidence of Knight's
possession of the property and her refusal to vacate. Counsel agreed that Knight bought the
property, was a homeowner there, and still occupied the premises. (4) 

 MERS further relied on three documents: (1) a certified copy of the deed of trust; (2)
a certified copy of the substitute trustee's deed; and (3) a copy of the certified notice to
vacate sent to Knight. First, the deed of trust signed by Knight established a landlord-tenant
relationship between MERS and Knight. The deed of trust required Knight, or any person
holding possession through her, to "immediately surrender possession of the Property to the
purchaser at [the foreclosure] sale." The deed of trust further provided that failure to
surrender possession would cause Knight, or anyone possessing through her, to become a
"tenant at sufferance." Second, the substitute trustee's deed established that MERS was
entitled to possession of the property. The substitute trustee conveyed the property by deed
to MERS after it purchased the property at the foreclosure sale. Finally, the notice to vacate
provided proof of proper notice to Knight that MERS required her to vacate the premises. 
See Tex. Prop. Code Ann. §§ 24.002(b); 24.005 (Vernon 2000). Nothing in the record
controverts these three legal documents. Thus, on this record, MERS established its
entitlement to possession as a matter of law.

 We find the evidence is legally insufficient to support the award of possession to
Knight and find that MERS established as a matter of law that it is legally entitled to
possession of the premises. We find the county court erred in awarding possession to Knight. 
Accordingly, we reverse the court's judgment and render judgment that MERS is entitled to
possession. 

 REVERSED AND RENDERED.


 ___________________________

 HOLLIS HORTON

 Justice


Submitted on October 10, 2005

Opinion Delivered March 2, 2006

Before McKeithen, C.J., Kreger, and Horton, JJ.

1. No appeal was brought by any occupants other than Knight.
2. As shown below, the Rice Court collected cases illustrating when the necessity of
determining title deprives the justice or county court of jurisdiction in a forcible detainer
action: 


 See, e.g., Guyer v. Rose, 601 S.W.2d 205, 205-206 (Tex. Civ. App.- Dallas
1980, writ ref'd n.r.e.) (enjoinder of forcible detainer suit proper when right to
possession depended on compliance with contract for sale); Gentry v.
Marburger, 596 S.W.2d 201, 203 (Tex. Civ. App.- Houston [1st Dist.] 1980,
writ ref'd n.r.e.) (justice court without jurisdiction when possession based on
assertion of life estate or adverse possession because "title to premises was
directly involved"); Rodriguez [v. Sullivan], 484 S.W.2d [592,] 593 [(Tex. Civ.
App. - El Paso 1972, no writ)] (justice court judgment void when possession
depended on construction of real estate "purchase-sale contract"); Dent v.
Pines, 394 S.W.2d 266, 268-69 (Tex. Civ. App.- Houston [1st Dist.] 1965, no
writ) (justice court without jurisdiction when possession required resolution
of claims under competing wills and intestacy statutes because "title
necessarily involved"); [American Spiritualist Ass'n v.] Ravkind, 313 S.W.2d
[121,] 125 [(Tex. Civ. App.- Dallas 1958, writ ref'd n.r.e.)] (no jurisdiction
when right to possession depended on disputed compliance with "contract to
purchase").


Rice, 51 S.W.3d at 713.


3. Other allegations included deceptive trade practices, common law fraud, negligence, 
and usury.
4. During the proceedings, the court requested that the attorneys listen "carefully" to its
recitation of facts and determine if the parties could stipulate to those facts. The court stated:


 Defendant homeowner bought a lot, financed the purchase with a loan
from the Plaintiff. Plaintiff probably signed a deed of trust or a mortgage or
something . . . . The . . . Defendant homeowner probably defaulted in their
payments. The Plaintiff foreclosed their deed of trust, their mortgage. The
Defendant homeowner then filed a lawsuit in District Court, which is still
pending, challenging the legality of the foreclosure. And the Defendant still
occupies the premises. (Emphasis added.)


Knight's attorney agreed that the trial court correctly stated the facts and MERS's attorney
agreed that the trial court had not omitted any facts.