Jennifer LUGO and Cary Schulman,
Appellants

v.

Debra ROSS and Jim Ross, Appellees.

No. 05–11–00517–CV.

Court of Appeals of Texas,
Dallas.

Aug. 28, 2012.

Cary William Schulman, The Cary Schulman Law Firm, PLLC, Dallas, TX, for Appellant.

Robert Bradley Lamberth and Sidney L. Murphy, Steed Flagg Lamberth, L.L.P., Rockwall, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MORRIS.

This appeal arises from a forcible entry and detainer action initially brought in justice court by appellees Debra Ross and Jim Ross against appellants Jennifer Lugo and Cary Schulman in which appellees sought possession of certain residential property located in Heath, Texas. The justice court issued a judgment of eviction in favor of appellees, awarding appellees possession of the property along with back rent, attorney's fees, and court costs. Appellants appealed to the county court at law, and after a trial de novo, the county court at law issued a final judgment against appellants awarding appellees possession of the property, back rent, attorney's fees, and costs. We affirm the trial court's judgment.

I.

Appellees own property in Heath, Texas. They leased the property to appellants

under a residential lease agreement with a term of March 1, 2009, to March 1, 2011. At the same time, the parties entered into a "Lease to Purchase Option Agreement" setting forth the terms under which appellants could exercise an option to purchase the property during the lease term.

The lease provided that appellants would pay monthly rent on the first day of each month during the lease term. The lease also required that the tenants comply with the homeowners' association rules affecting the property and that they obtain written approval from the landlord before making certain changes on the property, such as installation of fixtures. The lease prohibited the tenant from causing or allowing any lien to be filed against any portion of the property. The option agreement expressly provided that "[f]or this Option to Purchase Agreement to be enforceable and effective, the Buyer/Tenant must comply with all terms and conditions of the Lease Agreement."

In an e-mail to appellees dated June 2, 2010, appellants wrote that they "hereby give notice, pursuant to the Lease to Purchase Option Agreement dated the 26th of February, 2009, we hereby exercise our rights to purchase the property the subject of the Option Agreement." The e-mail stated that the closing would take place on June 30, 2010. Appellants contend they exercised their option on additional occasions. There is no dispute, however, that no closing ever took place and title to the property was never conveyed to appellants.

In July 2010, appellees received notice from the homeowners' association that they had been charged a fine because the property was out of compliance with the rules relating to garbage and trash. In August, appellees sent this notice to appellants and demanded reimbursement in the amount of the fine. In a letter dated October 13, 2010, appellees gave appellants notice of further defaults under the lease, including allowing a lien to be placed on the property, failure to make repairs, and failure to obtain permission for modifications to the property. The letter also gave notice that appellees would not renew the lease. Additional notices of default were sent to appellants in November. And in a letter dated December 6, 2010, appellees sent another notice of default and notice of termination of appellants' right to occupy the premises.

Appellants did not vacate the premises and did not pay rent after December 2010. This appeal follows the county court at law's final judgment.

## II.

Appellants present three issues in their appeal. In their first issue, citing section 5.062(a)(2) of the Texas Property Code, appellants contend that the trial court erred in concluding that they did not exercise the option to purchase the property.[1]

1. The trial court's findings of fact and conclusions of law included findings and conclusions relating to the option to purchase the property. The trial court apparently considered these findings necessary to resolving appellants' plea to the jurisdiction. We consider these findings to be superfluous to the issue over which the trial court had jurisdiction, that is, the issue of the right to immediate possession. As we discuss below, appellants' contentions about the exercise of the option were based on sections of the property code which we conclude are inapplicable. Because the trial court's remaining findings and conclusions provide ample support for the trial court's judgment and are supported by evidence, there was no reversible error in making the superfluous findings. *See Merry Homes, Inc. v. Chi Hung Luu*, 312 S.W.3d 938, 950–51 (Tex.App.-Houston [1st Dist.] 2010, no pet.); Tex.R.App. P. 44.1(a). We express no opinion on whether appellants exercised the option.

In their second issue, appellants contend there was no jurisdiction in the justice court or the county court at law because there was no landlord-tenant relationship between appellants and appellees. In their last issue, appellants contend that appellees' failure to send notice under sections 5.063 and 5.064 of the Texas Property Code precluded their right to pursue any remedy.

### III.

The sole question presented to the trial court in a forcible entry and detainer suit is the right to immediate possession of property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). Title to property is not at issue. *Id.*, citing Tex.R. Civ. P. 746; *see also Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926–27 (Tex.App.-Dallas 2010, no pet.) (only issue in forcible entry and detainer suit is right to actual possession; merits of title shall not be adjudicated). To prevail in a forcible entry and detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice*, 51 S.W.3d at 709. Where the right to immediate possession necessarily requires resolution of a title dispute, however, the justice court has no jurisdiction to render a judgment. *Id.*

At the outset, we note that appellees pleaded and offered evidence to support their forcible entry and detainer claim. They established that they were the owners of the property; they entered into a lease agreement with appellants; appellants were in default under the lease; appellees gave notice of default and notice to vacate the premises; and appellants failed to vacate the premises and continued to reside there. Appellants did not offer evidence to the contrary. Appellees there-fore established that they had a superior right to immediate possession of the property. *See id.*

Relying on our opinion in *Guyer v. Rose*, 601 S.W.2d 205 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.), appellants contend that the right to immediate possession of the property requires resolution of a title dispute. Appellants argue that, because they exercised the option to purchase the property, there was no longer a landlord-tenant relationship between the parties so that a forcible entry and detainer suit was improper. In *Guyer*, we concluded, "[w]e hold that the purchaser's right to possession of the property depended not on his compliance with the terms of a lease, but on his compliance with the terms of a sale and this was a question concerning the title to the property which could not be finally decided in the justice court." *Id.* at 206. Appellants contend that, as in *Guyer*, the claim of possession here depends upon whether appellants "complied with the contract for conveyance, as set out in their Option Agreement."

*Guyer* is distinguishable. The contract at issue in *Guyer* was neither a lease nor an option agreement; it was a "contract for sale of a residence." *Id.* at 205. The contract for sale provided that the seller leased the premises to the buyer until the date of closing or the date of termination of the contract. The monthly rent was to be credited against the purchase price. *Id.* at 206. The parties agreed to a closing date, but the closing did not occur. *Id.* The buyer argued, and we agreed, that the contract was not a lease but a contract of sale and that the monthly "rent" payments were considered advance payments of the purchase price. *Id.* at 207. We concluded that, after the agreed closing date, the buyer did not claim any right to further possession as a tenant but rather claimed possession as purchaser. *Id.* Whether the

buyer had the right to possession as purchaser depended upon whether he complied with the provisions of the contract of sale and thus obtained equitable title to the property. *Id.* We distinguished *Haith v. Drake,* 596 S.W.2d 194 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.), stating that "[i]n that case the court observed that the purchaser had only an equitable right rather than an equitable title because he had not complied with the contract, which required payment of the entire purchase price before he would be entitled to a conveyance of the property." *Id.*

■ Here, there is no question that even if appellants exercised the option, they do not have title, equitable or otherwise. *See, e.g., Yarto v. Gilliland,* 287 S.W.3d 83, 89–90 and n. 11 (Tex.App.-Corpus Christi 2009, no pet.) (purchaser can acquire equitable title by merely paying the purchase price and fully satisfying his obligations under the contract). As appellant Schulman testified at trial:

Q. You would agree, would you not, Mr. Schulman, that you do not own the property at 815 Faith Trail?

A. Okay. I would agree that we're not the title owners because the title's not in our name. We have no deed.

Q. And you agree that you don't own it, right?

A. Well, I agree that we don't have a title, but we're seeking title, specific performance that she should transfer the title. But so should we own it? Yes. Do we have title? No. That's what the dispute is about.

Q. And you never have had title, have you?

A. Well, no, we haven't. She's never transferred it.

Appellants' claim is that the purchase should have been closed and title should have been transferred to them but was not. Such a claim may be decided in a separate suit in district court. *See Rice,* 51 S.W.3d at 709 (displaced party may bring separate suit in district court to determine question of title; forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court). Because title was not at issue, the justice court had jurisdiction over appellees' forcible entry and detainer suit. *See id.; see also* TEX. PROP.CODE ANN. § 24.004 (West 2000 & Supp.2012) (justice court in precinct in which real property is located has jurisdiction in eviction suits).

All of appellants' issues are premised on the assertion that their exercise of the option converted the lease into a contract for sale that actually conveyed ownership of the property and gave them a greater right of possession. Appellants rely on Chapter 5, Subchapter D of the Texas Property Code, addressing executory contracts for conveyance. *See* TEX. PROP.CODE ANN. §§ 5.062–5.085 (West 2004 & Supp. 2012). Subchapter D addresses transactions "involving an executory contract for conveyance of real property used or to be used as the purchaser's residence." TEX. PROP.CODE ANN. § 5.062(a) (West Supp. 2012). Appellants argue that Subchapter D applies to the option agreement under the terms of section 5.062(a)(2), which provides: "(2) an option to purchase real property that includes or is combined or executed concurrently with a residential lease agreement, together with the lease, is considered an executory contract for conveyance of real property." They contend that "[a]s of June 2, 2010, when they delivered their notice that they were exercising their option, the parties no longer had an option agreement but a straightforward, binding contract for the sale and purchase of real property." Therefore, they claim they were no longer tenants

and could not be evicted in a forcible entry and detainer suit.

We disagree with appellants that the application of section 5.062(a)(2) would create an issue involving title to the property. First, even if Subchapter D applies here, its application would be expressly limited because the term of the "executory contract" at issue is less than three years. TEX. PROP.CODE ANN. § 5.062(f) (West Supp. 2012) (only certain sections of subchapter apply if term of contract is three years or less).[2] Section 5.062(f) provides that "[n]otwithstanding any other provision of this subchapter, only the following sections apply to an executory contract described by Subsection (a)(2) if the term of the contract is three years or less. . . ." The contract on which appellants rely provides that "[t]he option to purchase period commences on March 1, 2009, and expires at 11:59 PM March 1, 2011." Therefore, only sections 5.063–5.065, 5.073 (except for section 5.073(a)(2)), and sections 5.083 and 5.085 of Subchapter D would apply to the parties' agreement.

Appellants rely on subsection 5.0621(b), which provides that "[a]fter a tenant exercises an option to purchase leased property under a residential lease described by subsection (a), Chapter 92 [of the Property Code, regarding residential tenancies]

no longer applies to the lease." Appellants argue that because they exercised the option to purchase the property, there is no longer a landlord-tenant relationship between the parties to support a forcible entry and detainer action. But under the express terms of section 5.062(f), subsection 5.0621(b) is not applicable. In addition, section 5.081 entitled "Right to Convert Contract," does not apply. *See* § 5.062(f). Section 5.081 permits a purchaser "at any time" to "convert the purchaser's interest in property under an executory contract into recorded, legal title in accordance with this section." Thus, even under Subchapter D, the purchaser does not obtain title until the purchaser tenders or delivers a promissory note for the balance of the purchase price due under the executory contract. We conclude that even if Subchapter D applies to the parties' "Lease to Purchase Option Agreement," there is no title dispute to be resolved and the justice court had jurisdiction to enter a judgment in appellees' forcible entry and detainer suit.

### CONCLUSION

The trial court correctly decided the sole issue that was before it, the right to possession of the property.[3] We resolve ap-

---

**2.** We note that a sister court recently concluded Subchapter D did not apply to a conventional contract for sale of realty in which the seller and purchaser mutually agreed to complete payment and title transfer on a date certain. *See Shook v. Walden*, 368 S.W.3d 604, 627 (Tex.App.-Austin 2012, pet. filed). The court noted that a number of courts have equated "executory contracts" with "contracts for deed" under which "the purchaser obtains an immediate right to possession but the seller retains legal title and has no obligation to transfer it unless and until the purchaser finishes paying the full purchase price . . . which is typically done in installments over several years." *Id.* at 624. The court concluded that even if the term "executory

contract" as used in Subchapter D is not limited to contracts for deed, court decisions "are consistent with a recognition of what is apparent in the structure and wording of Subchapter D—that the 'executory contract' contemplated by the Legislature, whether or not extending beyond contracts for deed, contemplates that the purchaser satisfy a series of obligations over an extended period of time before the seller has an obligation to transfer title." *Id.* at 627.

**3.** In their reply brief, appellants invite us to consider other issues raised in motions that are not a part of this appeal. We decline to do so.

pellants' issues against them and affirm the trial court's judgment.