

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00112-CV

KONJIT D. GIRARD                                                APPELLANT

V.

AH4R I TX DFW, LLC                                              APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellee AH4R I TX DFW, LLC (AH4R) purchased the property occupied by pro se appellant Konjit D. Girard at a substitute trustee's foreclosure sale and then, after it made a written demand for possession in a notice to vacate, filed an original petition for forcible entry and detainer when Girard failed to vacate the

---

[1]*See* Tex. R. App. P. 47.4.

premises. The justice of the peace granted AH4R's petition. *See* Tex. R. Civ. P. 748. On appeal, the county court at law took judicial notice of Girard's pending federal action regarding the property[2] but nonetheless granted possession of the property to AH4R. In three issues, Girard appeals the county court's judgment. We affirm.

## II. Forcible Detainer

In her first two issues, Girard argues that AH4R's evidence was insufficient to support its claim to superior right to the property.

A forcible detainer action is a procedure by which the right to immediate possession of real property is determined. *See* Tex. Prop. Code Ann. § 24.002 (West 2000); Tex. R. Civ. P. 738–55 (setting out procedures for forcible detainer action); *Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.). Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy to resolve the question of entitlement to immediate possession of the premises. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Cattin*, 26 S.W.3d at 738–39; *see also* Tex. R. Civ. P. 746 (stating that the only issue in a forcible detainer

---

[2]At the time of the trial in the county court, AH4R was not a named party in the federal case. Girard informed the county court that she had a case pending in federal court "against the foreclosure with Freddie Mac mortgage," and in her appellate brief, she lists the case as *Konjit Girard v. Hughes Watters & Askanase, LLP, Freddie Mac, and CitiMortgage, Inc.*, No. 3:12-CV-04264-N-BF, in the Dallas federal court.

2

suit "shall be as to the right of actual possession; and the merits of the title shall not be adjudicated").

To prevail in a forcible detainer action, the plaintiff need not prove title but only sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Woods v. Pennymac Loan Servs., L.L.C.*, No. 02-12-00301-CV, 2013 WL 4506776, at *2 (Tex. App.—Fort Worth Aug. 22, 2013, no pet.) (mem. op.); *Lugo v. Ross*, 378 S.W.3d 620, 622 (Tex. App.—Dallas 2012, no pet.). To establish its forcible detainer claim, AH4R had to show that (1) it was the property's owner, (2) Girard became a tenant at sufferance when the property was purchased under the deed of trust, (3) AH4R gave proper notice to Girard to vacate the premises, and (4) Girard refused to vacate the premises. *See Brittingham v. Fed. Home Loan Mortg. Corp.*, No. 02-12-00416-CV, 2013 WL 4506787, at *1 (Tex. App.—Fort Worth Aug. 22, 2013, pet. dism'd w.o.j.) (citing Tex. Prop. Code Ann. § 24.002); *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.).

AH4R presented a certified copy of the substitute trustee's deed showing that it had purchased the property at public sale in September 2012 and a certified copy of the deed of trust showing that Girard had become a tenant at sufferance.[3] AH4R also presented an affidavit supporting an attached copy of

---

[3]The substitute trustee's deed shows that "Timothy A. Girard and/or Konjit D. Girard" defaulted on the payment of the note associated with the deed of trust for the property, that the substitute trustee posted notice of the public foreclosure sale of the property subject to the deed of trust, and that title passed to AH4R

3

the notice to vacate that was sent to Girard on January 10, 2013, by regular and certified mail.[4] It is uncontested that Girard was still occupying the premises at the time of the hearing in the county court. Therefore, AH4R established its superior right to possession as to Girard, and we overrule Girard's first two issues. *See Brittingham*, 2013 WL 4506787, at *1; *Elwell*, 267 S.W.3d at 568–69.

In her third issue, Girard argues that the county court erred by refusing to stay or dismiss the case pending the outcome of federal court litigation concerning ownership of the property. However, other than asserting that the federal court was the appropriate forum, her brief does not explain why the county court should have stayed its proceedings, and her brief contains no reasoning or citations to applicable authority to support this issue. *See* Tex. R. App. P. 38.1(i); *Weaver v. Sw. Nat'l Bank*, 813 S.W.2d 481, 482 (Tex. 1991); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85

---

when it purchased the property. The deed of trust shows that the property in question was subject to a note for an identified amount payable by Timothy A. Girard and Konjit D. Girard and that after default and sale, "[i]f possession is not surrendered, Borrower . . . shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding."

[4]The affidavit and copy of the notice shows that AH4R sent the Girards a notice to vacate by both certified mail and first class mail and that the notice to vacate apprised the Girards of their tenant at sufferance status, asked them to immediately vacate the premises with their belongings, and advised them that failure to do so would result in suit being filed against them.

(Tex. 1994) (discussing the "long-standing rule" that point may be waived due to inadequate briefing).

Further, a forcible detainer action may be prosecuted concurrently with a dispute over the property in another court because a judgment of possession in a forcible detainer action is a determination only of the right to *immediate* possession and does not determine the *ultimate* rights of the parties to any other issue in controversy relating to the realty in question. *Hong Kong Dev. Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g) (stating that a forcible detainer suit may run concurrently with an action in another court even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit). Therefore, even if we were to reach the merits of Girard's third issue, the action she filed in federal court regarding the property's title does not affect the judgment in the forcible detainer action. *See id.; cf. In re Jamilah*, Nos. 01-05-00521-CV, 01-05-00522-CV, 2005 WL 1704506, at *2–3 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) (mem. op.) (granting mandamus relief when the parties did not dispute that the final judgment for possession was entered while relator's bankruptcy petition was pending in federal court, making the judgment void). We overrule Girard's third issue.

### III. Conclusion

Having overruled all of Girard's issues, we affirm the county court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: February 20, 2014