

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

## NO. 02-13-00403-CV

TOM S. DIFFLEY                                                                APPELLANT

V.

FEDERAL NATIONAL MORTGAGE                                          APPELLEE
ASSOCIATION, A/K/A FANNIE MAE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2012-005713-1

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tom S. Diffley appeals the trial court's award of possession of

503 Cherry Ann Drive in Euless, Texas, to appellee Federal National Mortgage

Association, a/k/a Fannie Mae.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

Fannie Mae filed a petition for forcible detainer in the justice of the peace court. A trial was held, and the court rendered judgment in favor of Fannie Mae. Diffley appealed to the county court at law, which tried the case de novo and also entered judgment in favor of Fannie Mae. *See* Tex. R. Civ. P. 749, 751. Diffley now appeals to this court.

**Forcible Detainer Suits**

A forcible detainer action is a cumulative, not an exclusive, remedy for a displaced party. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). In a forcible detainer action, the only issue the trial court determines is whether the party seeking to obtain possession is entitled to actual and immediate possession, and the merits of whether a party has title shall not be determined. *See* Tex. R. Civ. P. 746; *Black v. Wash. Mut. Bank,* 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Questions over whether a sale of property in a deed of trust is invalid "must be brought in a separate suit." *Williams,* 315 S.W.3d at 927; *Rice v. Pinney,* 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.).

**Discussion**

Diffley brings two interrelated issues on appeal, one involving jurisdiction and the other evidence. Both derive from his allegations that an individual at

Fannie Mae told him by telephone that the company had no interest in the property, which statements he offered as evidence of foreclosure fraud.

## I. Determination of title

In Diffley's first issue, he argues the justice court and county court lacked jurisdiction because evidence of a title dispute was so intertwined with the question of possession that it deprived them of jurisdiction.[2] Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject-matter jurisdiction can be raised at any time, even for the first time on appeal; the parties cannot waive it. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

Justice courts, and county courts on appeal, have no jurisdiction over a forcible detainer action if the adjudication of the action requires resolution of a title dispute. Tex. Gov't Code Ann. § 27.031(b)(4),(5) (West 2014) ("A justice court does not have jurisdiction of . . . a suit for trial of title to land; or . . . a suit for the enforcement of a lien on land."); Tex. Prop. Code Ann. § 24.004(b) (West 2014); *Black*, 318 S.W.3d at 417. But the mere existence of a title dispute does not deprive the court of jurisdiction. *See Schlichting v. Lehman Bros. Bank FSB*,

---

[2]An appeal from a justice court judgment is tried de novo in the county court. Tex. R. Civ. P. 506.3. While the ultimate question in this case is the extent of the county court at law's appellate jurisdiction, the county court has no jurisdiction over the appeal unless the justice court had jurisdiction. *Rice*, 51 S.W.3d at 708; *Crompton v. Stevens*, 936 S.W.2d 473, 476 (Tex. App.—Fort Worth 1996, no writ).

346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd) ("Any defects in the foreclosure process or with the purchaser's title to the property may not be considered in a forcible detainer action."). It is only when the right to immediate possession necessarily requires resolution of the title dispute—that is, when the court's decision of which party has a superior right of possession must rest on a determination of title—that the justice court, and therefore the county court at law, may not adjudicate the forcible detainer action. *Rice*, 51 S.W.3d at 709; *see, e.g.*, *Mortg. Elec. Registration Sys. v. Young*, No. 02-08-00088-CV, 2009 WL 1564994, at *5 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.) (finding a title dispute when the evidence showed that the plaintiff in the forcible detainer action had purchased the property but then conveyed it to another party). In other words, a justice or county court lacks jurisdiction over forcible detainer only when it "*must* determine title issues." *Rice*, 51 S.W.3d at 713; *see, e.g., Guyer v. Rose*, 601 S.W.2d 205, 205–206 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.) (finding title dispute where possessory rights depended on contract compliance); *Gentry v. Marburger*, 596 S.W.2d 201, 203 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (holding that "title to premises was directly involved" where possessory rights depended on assertion of life estate or adverse possession); *Rodriguez v. Sullivan*, 484 S.W.2d 592, 593 (Tex. Civ. App.—El Paso 1972, no writ) (voiding justice court's holding when possession depended on "purchase-sale contract"); *Dent v. Pines*, 394 S.W.2d 266, 268–69 (Tex. Civ. App.—Houston 1965, no writ) (denying justice court's

4

jurisdiction when competing wills and intestacy statutes clouded title); *Am. Spiritualist Ass'n v. Ravkind*, 313 S.W.2d 121, 125 (Tex. Civ. App.—Dallas 1958, writ ref'd n.r.e.) (denying jurisdiction when question of contractual compliance clouded title).  However, "the right to immediate possession [can] be determined separately from the right to title in most cases."  *Rice*, 51 S.W.3d at 710.

Fannie Mae submitted to the trial court the deed of trust, the substitute trustee's deed showing that the company acquired the property at a foreclosure sale on July 3, 2012, and the notice to Diffley to vacate.  The deed of trust evidenced Diffley's status as a tenant at sufferance; the substitute trustee's deed evidenced Fannie Mae's purchase of the property; and the notice to vacate evidenced that Fannie Mae had notified Diffley of his status as a tenant at sufferance and requested that he vacate the property.  This was sufficient evidence upon which the trial court could determine Fannie Mae's right to immediate possession.  *See Black*, 318 S.W.3d at 418 (holding that evidence such as deed of trust, trustee's foreclosure sale deed, documentation of default, and eviction notices made it "unnecessary for the trial court to determine the issue of title to the property") (internal citations omitted) (citing *Rice*, 51 S.W.3d at 712); *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (holding that a deed of trust, a substitute trustee's deed, and notices to vacate establish right to immediate possession).  Because the trial court could properly determine right to possession without

5

determining right to title, it had jurisdiction over this case. We overrule Diffley's first issue.

**II. Fraud**

In his second issue, Diffley argues that he offered evidence that Fannie Mae foreclosed fraudulently and thus called into question its right to possession. However, as stated above, any cause of action for fraud cannot be maintained in a forcible detainer action; it must be brought in a separate suit. *Williams,* 315 S.W.3d at 927; *Rice,* 51 S.W.3d at 710. In other words, any evidence of fraud that Diffley had bears on Fannie Mae's right of title, not to its right of immediate possession, which is the only justiciable controversy in this case. *See Schlichting,* 346 S.W.3d at 199 (affirming denial of evidence relevant only to possible defects in title or foreclosure process); *Williams,* 315 S.W.3d at 927. Accordingly, we overrule Diffley's second issue.

## Conclusion

Having overruled Diffley's two issues, we affirm the county court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DELIVERED: November 26, 2014

6