In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

NO. 09-14-00305-CV
_____

**D & K TRANSMISSION SPECIALTIES, INC., DARRELL WESTERKAMP, AND KELLY WESTERKAMP, Appellants**

**V.**

**F. MICHAEL DAVIS AND DEBORAH F. DAVIS, Appellees**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 14-28106 CV**

**MEMORANDUM OPINION**

D & K Transmission Specialties, Inc., Darrell Westerkamp, and Kelly Westerkamp (collectively, Westerkamp) appeal the trial court's judgment granting possession of the premises to F. Michael Davis and Deborah F. Davis (collectively, Davis)[1] in an action for forcible detainer. The trial court awarded Davis a judgment of $9,166 for attorney fees, with a conditional award of $20,000 in the event of an

_____

[1] F. Michael Davis and Deborah F. Davis are divorced, but they jointly filed their pleadings and briefs in the litigation.

1

unsuccessful appeal, together with additional conditional amounts in the event of proceedings before the Texas Supreme Court. In four issues on appeal, Westerkamp contends: (1) the justice court did not sign an appealable judgment; (2) the prior breach of a modification of a contract for deed nullified the existence of a landlord-tenant relationship; (3) the lower courts lack subject matter jurisdiction to determine the right of possession absent a resolution of a title dispute; and (4) equitable estoppel prevents Davis from assuming possession of the property pending the outcome of a title dispute that is pending in district court. Finding no reversible error by the trial court on any of the issues raised in this appeal, we affirm the trial court's judgment.

BACKGROUND

In 1999, Davis and Westerkamp signed a contract for deed for property located at 9277 State Highway 242, Conroe, Texas (the property). The contract required the Buyer, Westerkamp, to make monthly payments of $5,192 to the Seller, Davis. In the event of a default, including a default in making prompt payment, the contract permitted Davis to cancel the contract and declare Westerkamp's interest in the property forfeited. The contract provided, as follows:

> As long as Buyer promptly performs all obligations in this contract, Buyer has the right to possession of the property. If this contract is canceled because of Buyer's default, Buyer will immediately surrender possession of the property to Seller. If Buyer

2

fails to do so, Buyer will become a tenant at sufferance of Seller, subject to an action for forcible detainer.

In November 2012, Michael Davis and Westerkamp discussed a buy-out of the contract for deed. In March 2013, a lawyer prepared a warranty deed with vendor's lien, deed of trust, and promissory note for a seller-financed transaction, but Davis did not appear for the closing and the transaction did not close. Westerkamp stopped making payments in April 2013. On February 27, 2014, Davis sent Westerkamp a notice of cancellation and demanded immediate possession. On March 7, 2014, Davis sent Westerkamp a notice to vacate.

On March 21, 2014, Davis filed a forcible detainer action in the justice court. On April 10, 2014, the justice court signed an order granting a motion to dismiss without prejudice.[2] On April 14, 2014, Davis filed an appeal with the county court at law. On July 3, 2014, the county court at law conducted a bench trial that resulted in a judgment granting a forcible detainer and writ of possession to Davis. Westerkamp appealed.

DISPOSITION OF THE CASE IN JUSTICE COURT

Westerkamp contends the county court at law lacked jurisdiction to hear an appeal from the justice court because the justice court disposed of the case by granting Davis's motion for non-suit. A judgment rendered without a conventional

---

[2]No written motion appears in the record.

3

trial on the merits is final for the purpose of appeal if it disposes of all pending parties and claims in the record. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93, 195 (Tex. 2001). When the justice court granted Davis's motion for non-suit, the judgment was final for purposes of perfecting an appeal because no pending claims or parties were before the court. *See id.*

Westerkamp argues the trial court lacked subject matter jurisdiction because Davis's non-suit mooted the controversy. After voluntarily non-suiting a case filed in a district or county court, a plaintiff may seek a new trial, and the trial court has discretion to permit reinstatement when appropriate. *See Hoskins v. Gulf Stream Coach, Inc.*, No. 14-11-00703-CV, 2012 WL 2394055, at *4 (Tex. App.—Houston [14th Dist.] June 26, 2012, no pet.) (mem. op.). In contrast, the Texas Rules of Civil Procedure expressly do not permit the filing of a motion for new trial in a justice court eviction suit. *See* Tex. R. Civ. P. 510.8(e). However, an appeal of an eviction case may be taken by any party by filing with the justice court a bond, making a cash deposit, or filing a sworn statement of inability to pay within five days after the judgment is signed. *See* Tex. R. Civ. P. 510.9(a).

Davis perfected an appeal to the county court at law by filing a $500 cash bond within five days after the justice court signed the order dismissing the case. Davis's appeal to the county court at law brought the controversy to the county

court at law on the entire case as if there had been no previous trial. *See* Tex. R. Civ. P. 510.10(c). No notice of non-suit appears in the record, no suggestion of mootness was filed with the trial court, and the record on appeal indicates that the county court at law tried the eviction suit on the merits. Under these circumstances, where the record does not contain a notice of non-suit, and the plaintiff pursued a resolution of the merits of the controversy by presenting evidence on its original petition in a trial on the merits in the county court at law after filing a notice of appeal and filing an appeal bond, we conclude that the trial court did not determine a moot controversy. *See id.* (When an eviction case is appealed to the county court, the case must be tried de novo.). We overrule issue one.

## TENANCY AT SUFFERANCE

In issue two, Westerkamp contends no landlord-tenant relationship existed because prior to April 2013, when Westerkamp ceased making payments to Davis as required by the contract for deed, the parties made an oral agreement to convert the contract for deed into a seller-financed conveyance. Westerkamp argues Davis breached the agreement by failing to execute the warranty deed with vendor's lien at the scheduled closing on March 24, 2013.

According to the record on appeal, findings of fact and conclusions of law were neither requested nor filed. Therefore, it is implied that the trial court made

5

all the necessary findings to support its judgment. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003). A contract for the sale of real estate is subject to the statute of frauds. *See* Tex. Bus. & Com. Code Ann. § 26.01(a), (b)(4) (West 2009). Westerkamp concedes that the seller-financed transaction did not close. There is no evidence in the record regarding any communication between Westerkamp and Deborah Davis. Westerkamp provided no evidence to the trial court that Westerkamp had an oral agreement with Deborah Davis. To the contrary, the trial evidence established that Deborah Davis refused to sign papers converting the contract for deed into a seller-financed conveyance. Michael Davis testified that he would have been willing to close on the transaction but that he did not sign the documents because it would have been futile to do so absent the agreement of all of the parties. Without an agreement by both Michael Davis and Deborah Davis to modify or convert the contract for deed into a seller-financed conveyance, no modification of the contract for deed could occur. Therefore, we imply that the trial court found there was neither an oral nor a written modification of the contract for deed. *Sibley*, 111 S.W.3d at 52.

The plain language within the contract for deed provides that in the event of a default in payment Westerkamp would become a tenant at sufferance of Davis. Darrell Westerkamp testified that since March 2013 no payment had been made to

6

Davis at the address stated in the contract. Davis's notice of cancellation was admitted into the trial evidence. Accordingly, we further imply that the trial court found that Westerkamp was a tenant at sufferance and that the alleged oral modification did not convert the contract for deed into a seller-financed conveyance and there was no breach by Davis. We overrule issue two.

SUBJECT MATTER JURISDICTION

In the third issue on appeal, Westerkamp challenges the subject matter jurisdiction of the justice court and the county court at law. According to Westerkamp, the trial of the right to possession necessarily involves a title dispute presently being litigated in a suit for specific performance filed in district court. Although legal title does not pass under a contract for deed until the signed deed is actually delivered to the buyer, a purchaser can acquire equitable title by paying the purchase price and fully performing the contract. *Yarto v. Gilliland*, 287 S.W.3d 83, 90 n.11 (Tex. App.—Corpus Christi 2009, no pet.). Westerkamp did not claim that the contract for deed had been fully performed; instead, Darrell Westerkamp testified that payments on the contract were being paid into an account as they became due. Westerkamp contends that they fully performed the contract by arranging for financing and expressing their willingness to close, but the record lacks the documents or other specific evidence in the record to support

7

their contention. Darrell Westerkamp's testimony concerning the performance of the contract was subject to a credibility determination by the trial court. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The trial court could have determined that Westerkamp asserted an equitable right to title, rather than equitable or legal title that could preclude the trial court from exercising subject matter jurisdiction in the forcible detainer suit. *See Lugo v. Ross*, 378 S.W.3d 620, 623 (Tex. App.—Dallas 2012, no pet.). There is an absence of any written agreement to modify or replace the contract for deed that was either agreed to or signed by all necessary parties. The oral testimony from Westerkamp regarding an oral agreement made with only Mr. Davis to modify or replace the contract for deed fails, on its face, and does not constitute competent evidence. *Southeast Tex. Homecare Specialists, Inc. v. Triangle Billing, Inc.*, 43 S.W.3d 106, 109 (Tex. App.—Beaumont 2001, no pet.) (absent a written contract satisfying statute of frauds, testimony regarding terms of contract constituted legally insufficient evidence to support judgment on breach of contract claim). We overrule issue three.

## EQUITABLE ESTOPPEL

In issue four, Westerkamp contends that equitable estoppel prevents Davis from assuming possession of the property pending the outcome of Westerkamp's

suit for specific performance in district court. Estoppel is an affirmative defense that must be pleaded and proven at trial. *See* Tex. R. Civ. P. 94. Westerkamp's pleadings in the eviction suit do not assert equitable estoppel as an affirmative defense. Westerkamp did ask the trial court as an equity consideration to allow Westerkamp to remain in possession of the property until the parties resolved the suit for specific performance in district court. Generally, the trial court's decision to grant or to deny a request for equitable relief is reviewed for an abuse of discretion. *See Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428-29 (Tex. 2008). Westerkamp's assertion that Michael Davis perpetrated a fraud by falsely agreeing to transfer title to Westerkamp does not have a direct bearing on Davis's right to immediate possession. *See Wells Fargo Bank, N.A. v. Young*, No. 02-10-00428-CV, 2011 WL 3672033, at *3 (Tex. App.—Fort Worth Aug. 18, 2011, no pet.) (mem. op.). Westerkamp has not established an abuse of discretion by the trial court in awarding immediate possession of the property to Davis. *See Euler v. Marks*, No. 09-09-00344-CV, 2011 WL 378972, at **2-3 (Tex. App.—Beaumont Feb. 3, 2011, pet. dism'd w.o.j.) (mem. op.) (in a forcible detainer action, the trial court determines only a right to immediate possession). We overrule issue four.

9

CONCLUSION

Having overruled all of the appellants' issues, we affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 1, 2014
Opinion Delivered December 18, 2014

Before Kreger, Horton, and Johnson, JJ.