**Affirmed and Opinion Filed July 5, 2024**



**In the**

## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-23-00440-CV**

**JEREMY ROLLINS, Appellant**
**V.**
**RODERICK BONDS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-01679-D**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

This appeal arises from a forcible entry and detainer action Bonds successfully brought against Rollins seeking possession of a family home. The sole question presented in a forcible entry and detainer suit is the right to immediate possession of the property; title is not at issue. *See Lugo v. Ross*, 378 S.W.3d 620, 622 (Tex. App.—Dallas 2012, no pet.). We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Rollins claims Bonds has no legal right to the property, which we construe as a sufficiency challenge. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827–28

(Tex. 2005) (describing legal and factual sufficiency standards). Bonds presented evidence supporting his claim to possession, including a General Warranty Deed from his mother deeding him the property, Dallas County Appraisal District Records listing him as the owner, and evidence of a homeowner's policy for the property in his name.

Rollins, Bonds's nephew, presented evidence and argument focused on title issues, which the court repeatedly and correctly instructed him were not properly the subject of a forcible entry and detainer action. *See Lugo*, 378 S.W.3d at 622. Rollins offered a dismissal order and trial-setting order from a prior case between he and Bonds dealing with this property. The court dismissed that case for improper service. Rollins also offered Bonds's mother's Last Will and Testament and notarized letters from the two witnesses to the will, both claiming they did not understand what they were signing and claiming the dates on the will are inaccurate. Rollins additionally offered the same general warranty deed Bonds offered, along with the district clerk's certification of filing and recording.

Bonds's evidence showed sufficient evidence of ownership to demonstrate a superior right to immediate possession, the sole issue in the suit. *See Lugo*, 378 S.W.3d at 622. Nothing Rollins presented undercuts that evidence and nothing indicates that title is so intertwined with possession that a court had to determine title as a prerequisite to determining the right to immediate possession, depriving the justice and county courts of jurisdiction. *See Guillen v. U.S. Bank, N.A.*, 494

S.W.3d 861, 866 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We affirm the judgment of the trial court in this forcible entry and detainer action.


/Cory L. Carlyle/

CORY L. CARLYLE

230440F.P05                    JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEREMY ROLLINS, Appellant

No. 05-23-00440-CV      V.

RODERICK BONDS, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas

Trial Court Cause No. CC-23-01679-D.

Opinion delivered by Justice Carlyle. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RODERICK BONDS recover his costs of this appeal from appellant JEREMY ROLLINS.

Judgment entered July 5, 2024.