**TRANS–WORLD BONDED WARE-
HOUSES AND STORAGE,
INC., Appellant,**

v.

**Vicente V. GARZA, Jr., Appellee.**

**No. 15867.**

Court of Civil Appeals of Texas,
San Antonio.

April 28, 1978.

Rehearing Denied July 31, 1978.

---

J. G. Hornberger, J. G. Hornberger, Jr., Laredo, for appellant.

C. M. Zaffirini, Hall & Zaffirini, Laredo, for appellee.

CADENA, Chief Justice.

Plaintiff, Trans-World Bonded Warehouses and Storage, Inc., appeals from a judgment denying its prayer that it be awarded title to and possession of certain land, and, instead, granting its alternative prayer for specific performance of an oral contract under the terms of which, defendant, Vicente V. Garza, Jr., agreed to convey the land in question to plaintiff.

The first three paragraphs of plaintiff's petition are in the form of a statutory action in trespass to try title. In the fourth paragraph, plaintiff "specifically" alleged the existence of the oral contract of sale, payment of a portion of the consideration by plaintiff and the taking of possession and making of valuable improvements by plaintiff under the oral contract with the knowledge and consent of defendant. In this paragraph, plaintiff alleged that it had offered to pay the balance of the purchase price upon execution of a warranty deed by defendant, but that defendant refused to execute such deed.

The prayer was for "judgment for the title and possession of the * * * premises, for specific performance of the contract of sale, for costs of suit" and for general relief.

In addition to a plea of not guilty and a general denial, defendant invoked the statute of frauds and the two-year statute of limitations. Defendant also alleged that he was entitled to rescission of the contract because of breach of the contract by plaintiff. Finally, defendant's answer contained a counterclaim in trespass to try title.

The prayer, insofar as it sought affirmative relief, was for judgment for title to and possession of the land and for rescission of the contract.

The jury made the following findings:

1. Plaintiff and defendant entered into a contract calling for the sale of the land by defendant to plaintiff.

2. Plaintiff paid a portion of the purchase price to defendant.

3. Plaintiff, relying on such contract, entered into possession of the land and

made valuable and permanent improvements with the knowledge and consent of defendant.

4. Defendant agreed that plaintiff would have to make no further payments under the contract until a mortgage on the land, held by McAllen State Bank, was paid.

5. Defendant accepted late payments from plaintiff without objection.

6. Plaintiff did not make the payments called for by the contract, nor did it pay the taxes on the land as it was required to do by the contract.

7. Defendant is entitled to no compensation for the period of time during which he did not have the use of the premises.

After the verdict was received, plaintiff moved for judgment awarding it title to and possession of the land in question. Defendant moved for judgment n. o. v.

The judgment of the trial court, after reciting that defendant's motion for judgment n. o. v. was overruled and that plaintiff's motion for judgment was granted, orders:

1. Plaintiff shall, within 10 days after entry of judgment, deposit with the clerk of the court $76,179.04, plus interest from date of judgment until date of deposit at the rate of 7½% per annum. This was described as the full amount of the purchase price to be paid to defendant under the contract of sale.

2. Defendant shall, within 10 days of the date of deposit of $76,179.04 into the registry of the court by plaintiff, execute and deliver to the clerk of the court a general warranty deed conveying good and merchantable title to the land in question to plaintiff.

3. Upon deposit of the money by plaintiff and the delivery of the deed by defendant, the clerk shall simultaneously deliver the deed to plaintiff and the money to defendant.

4. Upon failure of plaintiff to deposit the amount specified within 10 days after entry of judgment, "then the plaintiff and its grantees and assigns take nothing and they shall deliver possession of the property" to defendant. Should plaintiff fail to deliver possession of the property to defendant upon plaintiff's failure to make the required deposit within 10 days, the sheriff shall place defendant in possession.

Ten days after the entry of judgment, plaintiff filed its "motion to set aside judgment." The only prayer contained in this motion was that the judgment be set aside and that the court enter judgment as submitted by plaintiff in its motion for judgment; that is, judgment awarding plaintiff title to and possession of the property.

This motion was overruled and the court subsequently entered an order which recited that plaintiff had failed to make the required deposit and directing the sheriff to deliver possession of the property to defendant.

It is undisputed that in 1971 plaintiff and defendant orally agreed that defendant would convey the land in question to plaintiff for a price of $68,000.00, payable in monthly instalments of $1,000.00 each, with interest at the rate of 7½% per year. In addition, plaintiff was to pay the taxes and keep the property insured. Plaintiff took possession and made improvements which, according to the evidence produced by plaintiff, had a value of between $10,000.00 and $15,000.00. Plaintiff made payments totaling between $17,000.00 and $20,000.00, according to defendant. According to plaintiff, the payments totaled "approximately $20,000.00." Plaintiff's testimony was to the effect that some of the payments were late, but that defendant received them without objection. It is undisputed that plaintiff did not pay the taxes on the property.

While we agree that the evidence and the verdict establish the existence of facts sufficient to overcome defendant's reliance on the statute of frauds, this does not mean that plaintiff is entitled to judgment for the title to and possession of the land.

██ It is true that the owner of equitable title to land has sufficient title to support an action in trespass to try title.

*Binford v. Snyder*, 144 Tex. 134, 189 S.W.2d 471 (1945). But, in Texas, the purchaser under a contract for the conveyance of land does not acquire the equitable title to the land until he has fully performed his obligations under the contract. *Hemming v. Zimmerschitte*, 4 Tex. 159 (1849). Until such performance, the purchaser has only an equitable right which is insufficient to support an action in trespass to try title. *Johnson v. Wood*, 138 Tex. 106, 157 S.W.2d 146 (1941); *Atkins v. Carson*, 467 S.W.2d 495, 501 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.). Since plaintiff had not paid the full purchase price nor performed his obligation to pay the taxes, the court did not err in denying plaintiff relief in its suit in trespass to try title.

Both parties agree that the trial court erred in decreeing specific performance of the contract. Plaintiff, in addition to contending that it was entitled to judgment for title and possession, complains that the judgment, although it recites that defendant's motion for judgment n. o. v. was overruled and that plaintiff's motion for judgment on the verdict was granted, complains that the judgment is, in effect, a judgment in favor of defendant and that defendant did not ask for such relief. Further, plaintiff insists that in seeking specific performance it did not ask for a decree which required it to pay the entire purchase price at once, when under the agreement of the parties it was under no obligation to make any payments until defendant had satisfied the mortgage on the property.

Plaintiff further insists that the case was submitted to the jury solely with reference to its action in trespass to try title, and that it did not rely on nor present to the jury its alternative and "secondary" theory of specific performance. In addition, plaintiff says that if, under the verdict, it was entitled to specific performance, then the decree should conform to the findings of the jury and to the terms of the contract.

Defendant argues that plaintiff is not entitled to specific performance because it failed to establish the existence of any contract and, if the existence of a contract was established, the statute of frauds prevented its enforcement. Alternatively, defendant contends that, assuming that plaintiff was entitled to specific performance, the decree entered by the trial court, requiring payment of more than $76,000.00 within 10 days after judgment, was correct.

If plaintiff is correct in its contention that the theory of recovery under the doctrine of specific performance was not submitted to the jury and that, in order for specific performance to be granted it was necessary to determine several questions of fact, then it follows that plaintiff waived its cause of action based on specific performance, and the trial court erred in giving such relief. The contentions presented by plaintiff here, concerning the proper form of a decree of specific performance, were not presented to the trial court. This is not surprising, in view of the fact that plaintiff argued only that it was entitled to judgment under its allegations concerning trespass to try title.

However, in view of the jury findings which, in effect, establish that plaintiff has not breached its obligations under the contract, it would be manifestly unfair to reverse the judgment of the trial court and render judgment here that plaintiff take nothing. We believe that this is a proper case for a remand for a new trial in the interest of justice, since we have concluded that the judgment rendered by the trial court was erroneous.

The judgment of the trial court is reversed and the cause is remanded for a new trial.