**William C. HAITH, Appellant,**

v.

**Dr. George DRAKE, Appellee.**

**No. 17594.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1980.

Rehearing Denied March 31, 1980.

---

2. Emphasis ours.

Dianne Richards, Houston, for appellant.

Carnegie Mims, Jr., Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from an order temporarily enjoining appellant William C. Haith from prosecuting a forcible detainer suit against appellee, Dr. George Drake, and from interfering with or disturbing appellee's peaceable possession of a Houston office building during the pendency of a breach of contract action. The judgment will be reversed and the cause remanded.

Dr. Drake instituted this suit for damages for breach of a contract for the sale to him by Mr. Haith of a building located in Houston, Texas. He alleges that he entered into possession of the building under a verbal agreement to pay $300.00 a month for twenty months. Thereafter the parties entered into a written contract for the sale of the premises to Dr. Drake for the sum of

$30,000.00, payable $5,000.00 down and $300.00 a month thereafter until fully paid. The seller agreed to convey the property to Dr. Drake when the purchase price was paid in full. The contract provided that the seller shall have the right to cancel without notice in the event that any payment should be in default for a period of thirty days. It further provided that the acceptance of delinquent payments by the seller will not constitute a waiver of the default unless the buyer shall pay all delinquent installments.

Dr. Drake alleged that he fell six months in arrears under the contract in 1978, but that in September of 1978 he paid the entire amount of the arrearage. He alleged that in October the defendant offered plaintiff a new agreement to purchase the building under different terms, which he refused to sign. Thereafter Mr. Haith sent Dr. Drake a notice of cancellation of the contract, and instituted a forcible detainer action in the justice court. He alleges that the defendant has consistently refused to accept the monthly payments due under the written agreement between the parties.

Dr. Drake alleged that the property in question is his business homestead where he has practiced medicine since March of 1976. He asserts that if he is evicted from the premises his medical practice will be injured, and that he does not have an adequate remedy at law. He seeks to enjoin the prosecution of the forcible detainer suit. The defendant answered with a general denial.

At a hearing on the prayer for a temporary injunction Dr. Drake testified generally to the terms of the written agreement and that he was "current under the contract" in October of 1978. The written agreement which was made a part of his petition was not introduced into evidence. He testified that in October, 1978, he was presented with a new contract of sale containing payment terms differing from the agreement previously executed. He refused to sign this agreement, but he made the monthly payments for October, November, December, 1978 and January, 1979. Thereafter the defendant refused to accept the tendered payments.

In July, 1979, a forcible detainer suit was filed by Mr. Haith against Dr. Drake, which was subsequently dismissed by the Justice of the Peace. Mr. Haith then appealed to county court, but because of the injunction granted by the district court in this case, the appeal has not been heard by the county court. The pleadings in the forcible detainer suit were not introduced into evidence. The order entered by the district court granting the injunction recites that the injunction is required "because there is a dispute of title between the parties, the cause of action for a forcible entry and/or detainer does not lie. Plaintiff does not have an adequate remedy at law and he will be irreparably injured if defendant is not enjoined during the pendency of this (breach of contract) suit."

Dr. Drake has not alleged that he has paid the total consideration agreed upon in the contract and is not seeking specific performance of the contract.

 The Justice of the Peace Courts and, on appeal, the County Courts, are given jurisdiction of forcible detainer suits by Article 3973, V.A.C.S. A judgment for possession of premises rendered in a forcible detainer suit will not bar an action for damages. Article 3994, V.A.C.S. and Rule 746, T.R.C.P., provide that in a forcible detainer case the only issue shall be as to right to actual possession; "and the merits of the title shall not be inquired into." Where the right to immediate possession necessarily requires the resolution of a title dispute, the Justice of the Peace Court has no jurisdiction to enter a judgment and may be enjoined from so doing. *Rodriguez v. Sullivan*, 484 S.W.2d 592 (Tex.Civ.App.— El Paso 1972, no writ). A forcible detainer action is dependent on proof of a landlord-tenant relationship. *Dent v. Pines*, 394 S.W.2d 266 (Tex.Civ.App.—Houston 1965, no writ).

 The action of forcible entry and detainer, or forcible detainer, and the action of trespass to try title or other possessory action in the district court provide cumula-

tive and not exclusive remedies and may be resorted to and prosecuted concurrently. When the sole matter involved is one of possession, the district court has no authority to restrain by injunction a trial of the same issue in justice court. *Slay v. Fugitt*, 302 S.W.2d 698 (Tex.Civ.App.—Dallas 1957, writ ref. n.r.e.); *Young Women's Christian Ass'n of Austin v. Hair*, 165 S.W.2d 238 (Tex.Civ.App.—Austin 1942, writ ref. w.o. m.).

Dr. Drake entered into possession of the premises in recognition of the Haith title. He does not now assert either legal or equitable title to the premises. It is Dr. Drake's position that he is entitled to possession of the premises by reason of the contract of sale. He asserts that he has complied with every provision of the contract and has produced evidence in support of this contention.

However, he has not completed the performance of his obligations under the contract. Mr. Haith is not required to convey legal title to Dr. Drake until the entire consideration has been paid. Until he has fully performed his obligations under the contract Dr. Drake possesses only equitable rights, not equitable title. *Johnson v. Wood*, 138 Tex. 106, 157 S.W.2d 146 (1941); *Trans-World Bonded Warehouses and Storage, Inc. v. Garza*, 570 S.W.2d 2 (Tex.Civ. App.—San Antonio 1978, ref. n.r.e.).

Since the contract provides that a landlord-tenant relationship could arise by reason of the breach of the purchase contract, it appears that the justice court had jurisdiction of the subject matter. It also had acquired jurisdiction of the parties. Since an appeal to the county court has been perfected, that court has acquired jurisdiction of both the parties and the subject matter of the controversy. The fact that it might be necessary to introduce evidence of title in order to prove the landlord-tenant relationship does not deprive the county court of jurisdiction since the validity of the title so developed is not in issue. *Criswell v. Southwestern Fidelity Life Ins. Co.*, 373 S.W.2d 893 (Tex.Civ.App.—Houston 1963, no writ).

It is equally well settled that the defendant, in an action of forcible detainer, may prove any facts not inconsistent with the title under which he went into possession of the premises which show that his right to occupancy existed when the suit was brought, although such facts may be connected to the title. To test the right of possession of property, the State has adopted a liberal policy by providing cumulative remedies. An application for an injunction to prevent the prosecution of either remedy should be subjected to strict construction. Dr. Drake has an adequate remedy at law to protect against loss of possession. The trial court erred in enjoining the prosecution of the county court action. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307 (1935).

The judgment is reversed and the cause remanded.