**Affirmed and Memorandum Opinion filed December 12, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-12-00921-CV

## MICHAEL A. GARDOCKI, Appellant

### V.

## FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-CCV-048656**

## M E M O R A N D U M   O P I N I O N

In this forcible detainer case, appellant Michael A. Gardocki appeals a judgment that granted possession of his property to a foreclosure-sale purchaser, appellee Federal National Mortgage Association (Fannie Mae). Gardocki presents two issues on appeal. First, he contends that the county court at law lacked subject-matter jurisdiction over the forcible detainer suit because: (1) there was a title dispute pending in district court; and (2) the tenancy at sufferance clause on

which Fannie Mae relied was not effective due to problems with the foreclosure sale, so it could not serve as an independent basis for determining possession. But the law does not require the resolution of a challenge to the validity of a foreclosure sale before a tenancy at sufferance clause in the original deed of trust becomes effective. Thus, there was no issue of title so entwined with immediate possession as to divest the county court at law of subject-matter jurisdiction.

In his second issue, Gardocki contends that the county court at law abused its discretion when it denied his plea to abate the forcible detainer suit until a title dispute regarding the same property was resolved in district court. We disagree because a forcible detainer action may be brought in a county court at law concurrently with a suit to try title in district court. We therefore affirm.

## BACKGROUND

In 2000, Gardocki obtained a loan from Suntrust Mortgage, Inc., that was secured by a promissory note and a deed of trust. The deed of trust recited that:

> If the Property is sold pursuant to this Section 22,[1] Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

In 2001, Suntrust assigned the deed of trust to Chase Mortgage Company. JPMorgan Chase Bank (JPMorgan) contends that it later became a holder of the note and thus was entitled to invoke the power of sale under the deed of trust.

In April 2012, JPMorgan bought the property from a substitute trustee at a

---

[1] Section 22 of the deed of trust deals with acceleration and remedies arising from a breach of the agreement by the borrower; it requires the lender to provide notice prior to acceleration and an opportunity to cure the default before invoking its power of sale.

2

nonjudicial foreclosure sale and recorded a substitute trustee's deed. JPMorgan then granted a special warranty deed to Fannie Mae, which was later recorded. In June 2012, Fannie Mae sent notice to Gardocki to vacate the property, but Gardocki did not do so. Fannie Mae filed a forcible detainer suit against Gardocki in the justice court of Fort Bend County, Precinct 4 on June 25, 2012.

On July 11, 2012, Gardocki filed a petition against JPMorgan and Fannie Mae in a Fort Bend County district court alleging wrongful foreclosure, breach of contract, violation of the Texas Debt Collection Act, and fraud, and seeking declaratory relief to quiet title. Citing this new suit in district court, Gardocki filed an answer to Fannie Mae's suit in the justice court as well as a plea to the jurisdiction or, in the alternative, a plea in abatement.[2]

The justice court determined that Gardocki had committed a forcible detainer and granted Fannie Mae immediate possession of the property. Gardocki then appealed the judgment to the Fort Bend County Court at Law No. 3, seeking a trial de novo.

In the county court at law, Gardocki again presented his plea to the jurisdiction and plea in abatement. Gardocki argued that the county court at law lacked jurisdiction because of the pending title dispute between the parties in district court, and therefore the county court at law should dismiss or, in the alternative, abate the forcible detainer proceedings until the district court resolved the issues of title to the property. The county court at law denied Gardocki's plea

---

[2] Gardocki filed a document titled "Defendant's First Amended Answer and Plea for Dismissal, or in the Alternative, Plea in Abatement." Although Gardocki filed a plea for dismissal, we construe it as a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction . . . ."); *Moore v. Univ. of Houston–Clear Lake*, 165 S.W.3d 97, 100 n. 4 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (courts "should look to the substance of a pleading rather than its caption or format to determine its nature").

3

to the jurisdiction and plea in abatement and tried the case on the merits.

As proof that Gardocki had committed a forcible detainer and Fannie Mae was therefore entitled to the property, Fannie Mae presented (1) the original deed of trust containing a tenancy at sufferance clause; (2) the special warranty deed it received after purchasing the property from JPMorgan; (3) the substitute trustee's deed to JPMorgan; and (4) proof of its demand to Gardocki to vacate the property. The court signed a judgment awarding possession to Fannie Mae. Gardocki timely filed a notice of appeal.

## ANALYSIS

Gardocki presents two issues on appeal. The first asks whether issues directly relating to title divested the justice court, and therefore the county court at law, of subject-matter jurisdiction over the forcible detainer action. Gardocki contends that these courts lacked jurisdiction because (1) there was a title dispute pending in district court; and (2) JPMorgan did not and could not comply with the foreclosure clause in the deed of trust, so the tenancy at sufferance clause could not provide an independent basis for the county court at law to determine possession. We disagree because the county court at law could rely on the tenancy at sufferance clause as a basis for granting Fannie Mae immediate possession without regard to whether JPMorgan complied with the foreclosure clause.

In his second issue, Gardocki contends the county court at law abused its discretion when it denied his plea in abatement. Because the Legislature provided for parallel resolution of disputes regarding title and immediate possession, the county court at law did not abuse its discretion by refusing to abate the suit for possession until the title dispute was resolved.

4

**I.      The county court at law had subject-matter jurisdiction over the forcible detainer suit.**

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction. *Moore*, 165 S.W.3d at 101. Subject-matter jurisdiction is a question of law, so we review the trial court's denial of the plea de novo. *Id.*

Jurisdiction to hear a forcible detainer action is vested in the justice court of the precinct where the property is located and, on appeal, in the county court at law for trial de novo. *See* Tex. Prop. Code Ann. § 24.004 (West Supp. 2013); Tex. R. Civ. P. 749. Notwithstanding the grant of general jurisdiction to a county court at law, in an appeal of a forcible detainer judgment, the county court at law is confined to the jurisdictional limits of the justice court in such matters. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

A forcible detainer action addresses only the right to immediate possession of the property—the merits of title to the property are not adjudicated. *See* Tex. R. Civ. P. 746; *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. filed) (mem. op.). "Forcible detainer occurs when a person refuses to surrender possession of real property upon a statutorily sufficient demand for possession if that person is . . . a tenant at will or by sufferance . . . ." *Murphy v. Countrywide Home Loans*, *Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing Tex. Prop. Code Ann § 24.002 (Vernon 2002)).

Justice courts have jurisdiction to hear forcible detainer suits in which the right to immediate possession does not necessarily require the resolution of a title dispute. *Salaymeh*, 264 S.W.3d at 435. Justice courts are expressly denied jurisdiction to determine or adjudicate title to land. *Rice v. Pinney*, 51 S.W.3d 705,

5

708 (Tex. App.—Dallas 2001, no pet.) (citing Tex. Gov't Code Ann § 27.031(b) (Vernon Supp. 2001)). Therefore, plaintiffs in forcible detainer actions must be able to "show sufficient evidence of ownership to demonstrate a superior right to immediate possession" without relying on title. *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ).

The mere existence of a title dispute will not deprive the justice court of its jurisdiction. *Id.* In order to defeat jurisdiction, the title issue must be "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.). Otherwise, title issues must be brought in a separate suit in a district court, "even if the other action involves adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit." *Salaymeh*, 264 S.W.3d at 436.

Thus, where there is a basis for immediate possession independent from title itself, the justice court will have jurisdiction to hear the forcible detainer action. *Rice*, 51 S.W.3d at 712. For example, where a deed of trust provides that in the event of foreclosure, the previous owner will become a tenant at sufferance if he does not surrender possession, the trial court can resolve possession without resort to title. *Salaymeh*, 264 S.W.3d at 436. In such cases, the need to introduce the deed of trust in order to prove the landlord–tenant relationship does not affect the justice (or county) court's jurisdiction because "the validity of the title so developed is not in issue." *Haith v. Drake*, 596 S.W.2d 194, 197 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *see also Acad. Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (concluding that proof of landlord–tenant relationship is an element of the forcible detainer action, not a jurisdictional requirement). The alleged landlord–

tenant relationship suffices as a basis for the forcible detainer action, even though the deed of trust may later be set aside for wrongful foreclosure or other reasons. *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 559 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.)).

Here, Fannie Mae presented sufficient evidence of ownership to establish a superior right to possession without relying upon the ultimate resolution of title. During the forcible detainer proceedings, Fannie Mae presented (1) the original deed of trust containing a tenancy at sufferance clause; (2) the special warranty deed it received after purchasing the property from JPMorgan; (3) the substitute trustee's deed to JPMorgan; and (4) proof of its demand to Gardocki to vacate the property. These documents showed that Gardocki was a tenant at sufferance who had refused to surrender possession, satisfying the elements of a forcible detainer action.

Gardocki contends, however, that the title dispute he has raised in district court is so intertwined with the issue of immediate possession that it must be resolved first. The petition Gardocki filed in district court includes allegations that Fannie Mae acquired title through a party not authorized to foreclose, Fannie Mae failed to provide the notice of foreclosure and demand to vacate as required, and JPMorgan breached the deed of trust by refusing to endorse an insurance check. According to Gardocki, these facts demonstrate a title dispute so intertwined with immediate possession that the county court lacked jurisdiction. We disagree.

Although Gardocki has shown that a title dispute exists, he has not shown that the dispute is intertwined with the issue of immediate possession. The facts he alleges all relate to the ultimate question of title, not to immediate possession. *See Dormady*, 61 S.W.3d at 558 (whether trustee complied with deed of trust is "of no

7

consequence" to the county court's jurisdiction); *see also Villalon*, 176 S.W.3d at 71 (determination of wrongful foreclosure is independent of the county court's determination of immediate possession). So long as the landlord–tenant relationship is established in the deed of trust, the county court can determine the issue of immediate possession without inquiring into the merits of the title. *Id.*

Gardocki contends that the landlord–tenant relationship did not exist here because conditions precedent to the tenancy at sufferance clause of the deed of trust were not satisfied. Specifically, Gardocki points to the "sold pursuant to this Section 22" language in the tenancy at sufferance clause (quoted above), arguing that such language requires an inquiry into each of Section 22's foreclosure requirements before a court can consider Gardocki to be a tenant at sufferance. Because a justice court cannot perform such inquiries, Gardocki contends that the justice court did not have jurisdiction to hear the forcible detainer action. We disagree.

Courts of appeals have consistently allowed forcible detainer actions to proceed based on a tenancy at sufferance clause in a deed of trust without regard to whether the party seeking possession complied with the terms of the deed of trust. *See, e.g., Dormady*, 61 S.W.3d at 558; *Rice*, 51 S.W.3d at 711–12. Although Gardocki seeks to frame his argument as a jurisdictional challenge, he is still at bottom attacking the validity of the property's foreclosure and sale under Section 22 of the deed of trust—issues that were not resolved by the county court at law and can be litigated in the district court. *See Haith*, 596 S.W.2d at 196 (justice or county court lacks jurisdiction only if "the right to immediate possession *necessarily requires* resolution of a title dispute" (emphasis added)). Gardocki maintains that the language of this tenancy at sufferance clause requires a different result. But other courts considering tenancy at sufferance clauses that are similarly

contingent on a sale pursuant to the deed of trust have recognized that challenges to the validity of the sale do not deprive the justice or county courts of jurisdiction.[3] We agree and therefore overrule Gardocki's first issue.

## II. The county court at law did not abuse its discretion in denying Gardocki's plea in abatement.

In his second issue, Gardocki contends that the county court at law erred in denying his plea to abate the forcible detainer action until the title dispute was resolved in district court. We review the court's decision on the plea in abatement for abuse of discretion. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

A plea in abatement "cannot be used to determine the merits of an action" but rather asserts facts outside the record that "prevent the suit from going forward until the problem can be cured." *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 470 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). The defendant must identify an impediment to the suit as well as its cure, and ask the court to abate the suit until the impediment is corrected. *Id.*

Here, the county court did not abuse its discretion in denying Gardocki's

---

[3] *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 569 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *Dormady*, 61 S.W.3d at 556–58 (addressing deed of trust creating tenancy at sufferance when property "is sold under this deed," and holding dispute whether sale complied with deed of trust was "of no consequence" to issue of immediate possession); *Rice*, 51 S.W.3d at 707, 711 (addressing deed of trust creating tenancy at sufferance when property is "sold under this [deed]," and holding that challenge to validity of foreclosure sale deed in district court did not preclude forcible detainer suit in justice court); *cf. Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936) (addressing deed of trust creating tenancy at will "in the event of a foreclosure [sale] under the powers granted therein," and holding that "[i]f [the borrowers] desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible").

plea in abatement. It is well established that forcible detainer actions may be brought and prosecuted concurrently with suits to try title in district court. *Rice*, 51 S.W.3d at 709. Thus, we reject Gardocki's argument that the title dispute was an impediment to the continuation of the forcible detainer suit.

Furthermore, Gardocki's policy argument is not unique to his circumstances, but rather challenges the wisdom of a legislative scheme that severs issues of immediate possession and title. Gardocki complains that, should the house remain empty between his eviction and the resolution of the district court suit, it will become dilapidated from lack of maintenance and care. Alternatively, if the house does not remain empty and Gardocki is successful, he will have to evict and possibly seek court action against any tenants. These eventualities are not specific to this dispute, but rather are inherent in such a legislative scheme. *Salaymeh*, 264 S.W.3d at 436 ("Forcible detainer suits in justice court may run concurrently with an action in another court—even if the other action involves adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit.").

A forcible detainer action is intended to be a "speedy, simple, and inexpensive means to regain possession of property." *Id.* at 437. To have granted the plea in abatement in this case "would ignore the long-established legislative scheme of parallel resolution of immediate possession and title issues." *Rice*, 51 S.W.3d at 711. Accordingly, the county court at law did not abuse its discretion by denying the plea in abatement. We overrule Gardocki's second issue.

## CONCLUSION

The record does not establish that the county court at law lacked jurisdiction, and Gardocki has failed to demonstrate that the court abused its discretion when it denied his plea in abatement. We therefore affirm the judgment of the county court at law.

/s/        J. Brett Busby
                   Justice

Panel consists of Justices Boyce, Jamison, and Busby.