# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00123-CV

**Francis Williams Montenegro and Lynda Williams, Appellants**

**v.**

**Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank, Minnesota, N.A.,
as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the Structured Asset
Securities Corporation Amortizing Residential Collateral Trust Mortgage Pass-Through
Certificates, Series 2002-BC8, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,
### NO. C-1-CV-12-006182, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Francis Williams Montenegro and Lynda Williams appeal a trial-court summary judgment in a forcible-detainer suit awarding Wells Fargo Bank, N.A. possession of real property (the Property) in Travis County. In several issues, appellants contend that they were denied due process, that the county court did not have jurisdiction, that limitations barred the suit, and that Wells Fargo was not entitled to judgment as a matter of law. For the following reasons, we affirm the trial court's judgment.

## BACKGROUND

Vinh Nguyen purchased the Property in 2002 and executed a note and deed of trust to secure financing for the purchase. The deed of trust contained the following provision: "If the Property is sold pursuant to this Section 22 [providing for acceleration and sale upon default],

Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding." About a year later, Nguyen (purportedly through his attorney-in-fact) conveyed the property to Montenegro without authorization from the lienholder. At some point in 2007, Nguyen and/or Montenegro defaulted in making payments on the deed of trust and, pursuant to the terms of Nguyen's original note and deed of trust, the trustee for the original deed of trust sold the Property. Wells Fargo purchased it at the trustee's sale and recorded its substitute trustee's deed.

On the same day of Wells Fargo's purchase, Montenegro filed a lawsuit in the district court of Travis County challenging the validity of the foreclosure and trustee's sale and to quiet title in his name. In that action, the district court granted Wells Fargo's summary-judgment motion and, in a final judgment rendered in February 2012, denied all of Montenegro's requested relief and ordered that he take nothing by his suit.[1] Meanwhile, on June 18, 2010 Wells Fargo provided the occupants[2] of the Property with a notice to vacate and then filed a forcible-detainer action in the justice court on August 12, 2010. *See* Tex. Gov't Code § 27.031 (justice court has original jurisdiction of cases of forcible detainer); Tex. Prop. Code § 24.004 (justice court in precinct in which real property is located has jurisdiction in eviction suits). After Wells Fargo prevailed in that action, Montenegro and Williams appealed to the county court, which granted Wells Fargo's motion for summary judgment.

---

[1] Montenegro appealed to the Seventh Court of Appeals, which affirmed the judgment. *See Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561 (Tex. App.—Amarillo 2013, pet. denied).

[2] The Property has been occupied by Lynda Williams and her son since July 2003.

2

**DISCUSSION**

*Jurisdiction*

Forcible detainer is a procedure to determine the right to immediate possession of real property when there is no unlawful entry and is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *see also* Tex. R. Civ. P. 510.3(e) (only issue before justice court in eviction cases is "right to actual possession and not title"). A forcible-detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a); *Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03–13–00290–CV, 2013 WL 7809741, at *1 (Tex. App.—Austin Dec. 4, 2013, no pet.); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). The sole issue in a forcible-detainer suit is who has the right to immediate possession of the premises. *Rice*, 51 S.W.3d at 709. To prevail, the plaintiff in a forcible-detainer suit need not prove title but must only show sufficient evidence of ownership demonstrating a superior right to immediate possession. *Id.* However, where the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from so doing. *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

In their first issue, appellants contend that the county court did not have jurisdiction over this forcible-detainer action because the right to immediate possession of the Property necessarily requires resolution of a title dispute, over which neither the justice court

3

nor the county court had jurisdiction. *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ) (county court hearing appeal of forcible-detainer action "is confined to the jurisdictional limits of the justice court"); *see also* Tex. Gov't Code § 27.031(b)(4) (justice court has no jurisdiction to adjudicate title to land); *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.) (county court hears appeals of forcible-detainer actions de novo and has no jurisdiction over appeal unless justice court had jurisdiction). The threshold jurisdictional question is whether the county court was *required* to determine an issue of title to resolve the right to immediate possession. *Aguilar*, 72 S.W.3d at 732.

Appellants make various complaints about the alleged title dispute here: that the foreclosure sale was defective, that Lynda Williams has a title claim by adverse possession,[3] and that there is no landlord-tenant relationship between appellants and Wells Fargo because appellants did not acquire their interest in the Property through Nguyen.[4] They contend that summary judgment in favor of Wells Fargo was improper because these title issues had to be resolved before the issue of possession. But where, as here, a foreclosure under a deed of trust establishes a landlord and tenant-by-sufferance relationship between the parties, there is an independent basis to determine

---

[3] While appellants alleged the affirmative defense of adverse possession for the first time in a motion filed after the summary-judgment hearing, they neither attached nor referenced any evidence in the record sufficient to raise a fact issue on the theory. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (burden is on nonmovant to adduce evidence raising material fact issue on each element of affirmative defense); *see also* Tex. Civ. Prac. & Rem. Code § 16.024 (person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title no later than three years after cause of action accrues).

[4] We reject appellants' contention that they did not possess the Property "through" Nguyen. It is indisputable that Nguyen (through his attorney-in-fact) sold the Property to Montenegro and that Williams occupies the Property with Montenegro's awareness and consent. Furthermore, appellants do not identify any evidence in the record demonstrating that Montenegro acquired the Property "through" anyone else.

the issue of immediate possession without resolving any issue of title to the property. *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199-200 (Tex. App.—Dallas 2011, pet. dism'd). This is so *even if* a party alleges defects in the foreclosure and sale of the property, as "[a]ny defects in the foreclosure process or with the purchaser's title may not be considered in a forcible detainer action."[5] *Id*; *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.).

Because the deed of trust permitted nonjudicial foreclosure and because the foreclosure under the deed of trust created a landlord and tenant-by-sufferance relationship between the parties, it was not necessary to resolve any alleged title dispute to determine the right of immediate possession. *Richards v. US Bank Nat'l Ass'n*, No. 03–13–00590–CV, 2015 WL 657896, at *2 (Tex. App.—Austin Feb. 11, 2015, no pet.). The justice and county courts had jurisdiction over Wells Fargo's forcible-detainer action. Accordingly, we overrule appellants' first issue.

***Propriety of summary judgment***

To establish forcible detainer and prevail on its motion for summary judgment, Wells Fargo had to establish the following as a matter of law: (1) it was the owner, (2) appellants were occupants at the time of the foreclosure, (3) the foreclosure was of a lien superior to appellants' right to possession, (4) it made a statutorily sufficient written demand for possession, and (5) appellants refused to leave. *See* Tex. Prop. Code § 24.002; *Murphy v. Countrywide Home Loans,*

---

[5] Moreover, we note that appellants previously challenged the validity of the substitute trustee's deed in their wrongful-foreclosure and quiet-title action in the district court, which held that the foreclosure was properly conducted and which the appellate court affirmed in its conclusion that there was "no summary judgment evidence raising a genuine issue of material fact as to a defect in the foreclosure proceedings." *Montenegro*, 419 S.W.3d at 569.

*Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). In their next three issues, appellants contend that Wells Fargo failed to establish the first, third, and fourth elements of its claim. With respect to the first and third elements, Wells Fargo was not required to prove up title but only to provide sufficient evidence of ownership to determine that its right to possession was superior to appellants' right. *Leo*, 849 S.W.2d at 377.

Wells Fargo attached to its summary-judgment motion certified copies of Nguyen's 2002 deed of trust, the 2003 general warranty deed wherein Nguyen conveyed the Property to Montenegro, the 2007 substitute trustee's deed granting the Property to Wells Fargo following foreclosure, and the 2010 notice to vacate that it sent to the occupants of the Property. This evidence was sufficient to establish the first and third elements as a matter of law. *See Murphy*, 199 S.W.3d at 446 (substitute trustee's deed and deed of trust sufficient to establish ownership and superior right to possession); *Cervantes v. Bayview Loan Servicing, LLC*, No. 14–12–00157–CV, 2012 WL 6017712, at *2 (Tex. App.—Houston [14th Dist.] Dec. 4, 2012, no pet.) (earlier recorded deed of trust and lien thereunder of predecessor is superior to later-recorded contract for deed).

With respect to the fourth element, appellants contend that Wells Fargo's notice was deficient because it failed to provide them with ninety days to vacate before filing its eviction action. *See* Tex. Prop. Code § 24.005(b) (if occupant is tenant by sufferance, landlord must give tenant at least three days' written notice to vacate; if property is purchased at trustee's foreclosure sale under lien superior to tenant's lease and tenant timely pays rent and is not in default, purchaser must give at least thirty days' notice to vacate). Wells Fargo's notice provided that the occupants had three days to vacate the Property but further provided that "if you are a tenant or subtenant who rented the Property before the foreclosure sale, then you must vacate the Property within ninety

6

(90) days." Appellants argue that Williams was a tenant under a previous lease with Montenegro (and not just a tenant by sufferance) and was, therefore, entitled to the longer ninety days that Wells Fargo provided in its notice.

As previously discussed, the original deed of trust stated that, upon a foreclosure sale, Nguyen or any person holding possession of the Property through him would become a tenant by sufferance if possession were not surrendered. Despite appellants' contention that Williams was a tenant under a lease, they have failed to identify any evidence in the record creating a fact issue on her status as a tenant other than by sufferance—for instance, testimony or documentary evidence demonstrating a lease or rental payments and terms. In the absence of any such evidence, the deed of trust and substitute trustee's deed were sufficient to establish that appellants were tenants by sufferance as a matter of law and entitled to no more than a three-day notice. We hold that the trial court did not err in determining that Wells Fargo had proven the notice element of its forcible-detainer action. We overrule appellants' issues two through four.

### *Limitations*

In their fifth issue, appellants argue that Wells Fargo's forcible-detainer action was barred by the two-year statute of limitations and that the trial court erred in granting Wells Fargo summary judgment. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (cause of action for forcible detainer must be filed within two years of date it accrues). Appellants assert that Wells Fargo's cause accrued on November 13, 2007, the date after which appellants failed to vacate the property after Wells Fargo provided them with its *first* notice to vacate, and Wells Fargo's present action was filed on August 12, 2010, well after the limitations period had expired.

7

Wells Fargo rejoins that, *if* its cause of action accrued in November 2007 upon appellants' failure to vacate, the limitations period was tolled pending the outcome of the district-court title suit filed by appellants in 2007. However, we need not reach Wells Fargo's tolling argument because we and our sister courts have previously determined that a forcible-detainer action accrues *each* time a person refuses to surrender possession of real property after a person entitled to possession delivers proper written notification to vacate. *See Massaad v. Wells Fargo Bank Nat'l Ass'n*, No. 03–14–00202–CV, 2015 WL 410514, at *1 (Tex. App.—Austin Jan. 30, 2015, no pet.) (each refusal to surrender possession of real property on written demand for possession constitutes new forcible detainer); *Federal Home Loan Mortg. Corp. v. Pham.*, 449 S.W.3d 230, 235-36 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same). Therefore, a new limitations period began running as a result of Wells Fargo's June 18, 2010 eviction notice. Accordingly, its eviction suit filed in the justice court just a few months later was well within the limitations period. We overrule appellants' fifth issue.

### Due process

In their last issue, appellants assert that because Williams was not a party to the title dispute previously adjudicated in district court, she is in danger of losing her home without having had her "day in court" and will be deprived of her property without due process of law. *See* U.S. Const. amend. XIV, § 1.; Tex. Const. art. I, § 19; *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971) (res judicata did not bar person's suit and right to "day in court" where she was not party or in privity with party in prior action); *see also University of Tex. Med. School v. Than*,

8

901 S.W.2d 926, 930 (Tex. 1995) (due process imposes as minimum requirement that parties must be afforded notice and opportunity to be heard at meaningful time and in meaningful manner).

As we have already discussed, any title issues that Williams contends still remain are simply irrelevant to the right to immediate possession, where the substitute trustee's deed and the status of appellants as tenants by sufferance constitute an independent basis to determine the right to immediate possession, which is the only issue in this suit. Therefore, the allegation that she did not have her "day in court" in the previous title litigation is irrelevant to her due-process rights in this action. Montenegro represented himself and Williams in this action and filed a response, a reply, and objections to the motion for summary judgment on their behalf. Additionally, appellants were provided notice of the hearing on the motion for summary judgment and were given two continuances of the hearing. We hold that there was no violation of Williams's due process, and we overrule appellants' sixth issue.

## CONCLUSION

The county court had jurisdiction over this action and did not err in granting summary judgment in favor of appellee. Accordingly, we affirm the county court's final judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed: June 3, 2015

9