**REVERSE and REMAND and Opinion Filed August 28, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01017-CV

**LISA HAWKINS, Appellant**
**V.**
**MICHAEL JENKINS AND WANDA JENKINS, Appellees**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01539-D**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Lisa Hawkins appeals the trial court's dismissal of her suit for eviction brought against her uncle, Michael Jenkins, and his wife, Wanda. In two issues, Hawkins contends the trial court erred in dismissing her case for lack of subject matter jurisdiction. Because we conclude the right to immediate possession may be determined separately from any issue of title in this case, we reverse the trial court's dismissal order and remand the cause for further proceedings.

### Factual Background

Hawkins owned and resided in a house in DeSoto, Texas for over twenty years. In the summer of 2015, Hawkins was in Chapter 13 bankruptcy and living with her mother while recovering from a hospital stay. At that time, Michael Jenkins expressed an interest in acquiring the DeSoto house because he and his wife wanted to relocate closer to her work. After some

negotiation, Hawkins agreed to sell the house to her uncle for $160,000 and she obtained permission from the bankruptcy court to do so. Hawkins allowed Jenkins and his wife to move into the house while they attempted to obtain financing for the purchase. Jenkins paid Hawkins $1,500 per month, which was roughly the amount of Hawkins's mortgage payment. The parties dispute whether these payments were rental payments or "house payments."

To effectuate the purchase, Jenkins filled out a form real estate purchase agreement he obtained online. All three parties signed the contract. By its terms, the contract was made subject to Jenkins being approved for third-party financing. The closing date of the sale was set for February 19, 2016 and title to the property was to be transferred to Jenkins at that time. The contract stated that the cash portion of the sales price payable to Hawkins at closing was $159,990. There is no mention in the contract of the monthly payments made by Jenkins going towards the purchase price. In addition, the contract stated that,

> Possession of the Property in its current or required state, ordinary wear and tear excepted, will be delivered by the Seller to the Buyer pursuant to a temporary residential lease form or any written lease as required by the parties. A tenancy at sufferance relationship will be created between the Parties where there is no authorized written lease agreement and either the Buyer has possession prior to closing or the Seller has possession after closing.

It is undisputed that Jenkins was unable to obtain financing to purchase the house and the written contract expired under its own terms. The Jenkinses continued to live in the house, however, and pay Hawkins $1,500 per month. According to Jenkins, he and Hawkins had a "verbal contract" because she "told me that she was going to work with me and sign any papers necessary [to] get transfer of the title once we . . . secured financing." Jenkins testified he made significant improvements to the house including installing a new air conditioning system and building a patio.

Over the next year and a half, Hawkins was able to negotiate a reduction in the amount she owed on a second lien on the home from $14,000 to $3,000 and Jenkins gave her the money to pay

off that lien.  Additionally, Hawkins obtained debt forgiveness for some of what she owed on the first lien mortgage, reducing the amount owed from approximately $152,000 to $84,000.

In July 2017, Hawkins agreed to provide Jenkins with an $11,500 "Gift of Equity to Fund a Loan" that allowed Jenkins to obtain third-party financing.  After the Jenkinses were approved for a 95% loan, a dispute arose regarding the final purchase price.  An email from the loan officer stated that the price had to be adjusted to $175,000 for the credits and closing costs to work and for Hawkins to be paid the amount she expected to realize from the original $160,000 purchase price.  Jenkins refused to pay a higher sales price claiming he had already paid Hawkins $7,500, which was the amount of profit she would have received from the $160,000 sale price based on the original mortgage amount.  He also did not believe the house was worth what Hawkins was asking and wanted credit for the improvements he had made to the house.  Hawkins stated she never asked for the higher sales price and she denied receiving a $7,500 payment from Jenkins.

After the second closing did not occur, Hawkins and Jenkins discussed signing a lease agreement.  Jenkins testified that Hawkins told him she would give him credit for the repairs he had done to the house in the lease.  But, according to Jenkins, the lease did not reflect what they had discussed, so he refused to sign it.  Jenkins then stopped making monthly payments for the house.

Hawkins brought this forcible entry and detainer action to evict the Jenkinses from the house asserting they were in the house pursuant to a month-to-month tenancy and they continued to reside in the house after failing to pay the rent owed.  The case was originally brought in the justice of the peace court and then appealed to the county court at law.  After the case was appealed to the county court, the Jenkinses filed a suit to quiet title to the house in district court asserting equitable title to the property.  The Jenkinses then filed a plea to the jurisdiction in this case asserting that the title issue rendered the county court without jurisdiction to render judgment.  A

hearing was conducted at which both Hawkins and Jenkins testified. After considering the pleadings, evidence, and arguments of counsel, the county court granted the plea and dismissed the case for lack of subject matter jurisdiction. This appeal followed.

**Analysis**

In her second issue, Hawkins contends the trial court erred in dismissing her suit for lack of subject matter jurisdiction. Jurisdiction over forcible entry and detainer actions is expressly given to the justice courts and, on appeal, to the county courts at law de novo. *See Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). The county court has no jurisdiction over the appeal unless the justice court had jurisdiction below. *Id*. The sole issue in a forcible entry and detainer action is who has the right to immediate possession of the premises. *Id*. at 709. Where the right to immediate possession necessarily requires resolution of a title dispute, the justice court, and consequently the county court, has no jurisdiction to enter a judgment and the case must be dismissed. *Id*.

To defeat the county court's jurisdiction, the defendant must provide "specific evidence" of a genuine title dispute that is intertwined with the issue of immediate possession. *See Yarto v. Gilliland*, 287 S.W.3d 83, 93 (Tex. App.—Corpus Christi 2009, no pet.). Specific evidence of a title dispute exists if a party asserts a basis for title ownership that is not patently ineffective under the law. *Id*. Filing a separate suit in district court to determine the question of title does not automatically remove the issue of the right to immediate possession from the jurisdiction of the justice court or county court. *Rice*, 51 S.W.3d at 710. Indeed, in most cases the issues of title and right to immediate possession can be determined separately. *Id*.

The Jenkinses contend there is a genuine title dispute in this case because they are claiming equitable title pursuant to an oral agreement. For an oral contract for sale of property to be enforceable, the legal obligations and liabilities of the parties must be sufficiently definite.

–4–

*Gutierrez v. Gonzalez*, No. 05-16-00631-CV, 2017 WL 2729901, *2 (Tex. App.—Dallas June 26, 2017, pet. denied)(mem. op.). The contract must be certain and clear as to all essential terms. *Id*. In this case, the only specific evidence of an oral agreement produced at the hearing was Jenkins's testimony that Hawkins told him she would "work with him" to transfer title once he secured financing to pay for the property. Although it is undisputed the parties originally agreed to a purchase price of $160,000, and they signed a written contract to this effect, there is no evidence of any agreement regarding the sales price, or any other terms other than the identity of the property, after the first attempted sale failed to close and the written contract expired. It is because the parties actively disagreed about the sales price that the second attempted closing did not occur.

Even if the evidence showed the existence of an oral contract, the Jenkinses produced no evidence that they fully performed under the alleged contract such that they became vested with equitable title to the property. *See Yarto*, 287 S.W.3d at 89–90; *see also, Siddiq v. Hawkins*, No. 05-09-00581-CV, 2011 WL 3211254, *4 (Tex. App.—Dallas July 29, 2011, pet. denied)(mem. op.). Until the purchaser fully performs, he has only an equitable right to acquire title in the future by carrying out the agreement. *Siddiq*, 2011 WL 3211254, *4; *see also, Lugo v. Ross*, 378 S.W.3d 620, 623 (Tex. App.—Dallas 2012, no pet.). A claim based on an equitable right to complete performance of the agreement is not the same as present, equitable title and does not defeat the county court's jurisdiction to render a judgment of immediate possession. *Gober v. Bulkley Props., LLC*, No. 06-18-00031-CV, 2019 WL 321326, *3 (Tex. App.—Texarkana Jan. 25, 2019, pet. denied)(mem. op.).

Although the Jenkinses assert in their brief that they "fully performed their obligations under the contract," all of the evidence showed the parties did not intend for title to be conveyed until the entire purchase price was paid. There is no evidence this occurred. Absent full payment, the Jenkinses have, at most, an equitable right to enforce the sale and not equitable title that creates

a genuine title dispute. *See Haith v. Drake*, 596 S.W.2d 194, 197 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

The Jenkinses rely heavily on case law regarding the enforceability of oral agreements for the purchase of property to support their title claim. *See Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992). An oral contract for the purchase of real property is enforceable if the purchaser: (1) pays the consideration; (2) takes possession of the property; and (3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced. *Id*. As stated above, however, the fact that the alleged oral contract may be enforceable only vests the Jenkinses with an equitable right to complete performance of the agreement. Until they have completed performance, they do not have a claim of equitable title that would defeat the county court's jurisdiction. *See Haith*, 596 S.W.2d at 197.

We conclude the trial court erred in determining there was title dispute in this case that rendered it without subject matter jurisdiction. We resolve Hawkins's second issue in her favor.

In her first issue, Hawkins contends the trial court erred in "deciding the issue of equitable title." The court's order makes no title determination, but only dismisses the cause for lack of subject matter jurisdiction. Although the trial judge discussed the arguments being made by the parties during the hearing, we do not read these comments as "deciding the issue" of title. To the extent the comments could be understood differently, Hawkins correctly notes that the county court had no jurisdiction to decide the title dispute. *See Rice*, 51 S.W.3d at 709.

Based on the foregoing, we reverse the trial court's order of dismissal and remand the cause for further proceedings.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

181017F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LISA HAWKINS, Appellant

No. 05-18-01017-CV      V.

MICHAEL JENKINS AND WANDA
JENKINS, Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-18-01539-D.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

In accordance with this Court's opinion of this date, the trial court's Order of Dismissal is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant LISA HAWKINS recover her costs of this appeal from appellees MICHAEL JENKINS AND WANDA JENKINS.

Judgment entered August 28, 2019